Nelson, Exc'r of James, *vs.* Howard.

---

# HENRY NELSON, Ex'cr of SIR PRATBY JAMES, *vs.* RICHARD HOWARD.

Where there has been an adjustment of accounts between a *cestui que trust* and his trustee, and a *promise* by the latter to pay the amount ascertained to be due, the former may sue for the same *at law* in an action of *assumpsit.*

But so long as the amount of indebtedness is undecided and there is no promise by the trustee to pay, a court of *equity* alone has jurisdiction and the *cestui que trust* has no standing in a court *of law.*

Though the law requires an *express* promise by the trustee to pay, yet it is not incumbent on the *cestui que trust* to show it by *direct testimony;* it may be established by facts and circumstances.

APPEAL from the Circuit Court of Frederick county.

*Assumpsit* by the appellee against the appellant, to recover a sum of money alleged to have been in the hands of the appellant's testator at the time of his death belonging to the plaintiff. Plea, *non assumpsit.*

*1st Exception.* By the two deeds of trust referred to in the opinion of this court, the plaintiff conveyed all his property, real and personal, to the testator of the defendant, in trust to sell the same and apply the proceeds:—1st, to the expenses attending the execution of the trust; 2nd, to apply the balance, "*first,* to the payment of all liens, incumbrances and judgments against or owing by the said Richard Howard, according to their legal or equitable priority; *second,* towards the payment of the other debts of the said Richard Howard ratably, and what of the said proceeds shall then remain, if any, shall be paid over to the said Richard Howard." The other testimony is fully stated in the opinion of this court. The defendant then asked the court to instruct the jury, that

from the pleadings and evidence the plaintiff is not entitled to recover in this form of action, because his remedy, if any, is in a court of equity, this court, as a court of law, having no jurisdiction over the subject matter in dispute, it being merely a trust. This instruction the court, (F. A. Schley, special judge,) refused to give, and the defendant excepted.

*2nd Exception.* This exception was also taken by the defendant to the refusal of the court to instruct the jury, that the plaintiff is not entitled to recover in this case from the pleadings and evidence:—1st, because there is no sufficient evidence in the case to prove a final adjustment and settlement of the trust matters between the plaintiff and the said James in his lifetime, and of a certain fixed balance having been struck and found due to the plaintiff by and upon any such mutual settlement and adjustment; 2nd, because there is no sufficient evidence in the case from which the jury can properly presume an express promise to pay, made by said James, of a certain fixed sum of money found due to the plaintiff on any such final settlement of the trust matters between them; 3rd, because there is no express promise proved to have been made by said James to pay the plaintiff a fixed certain sum of money, as a final balance found due the plaintiff from James as trustee, and because there is no sufficient evidence to prove a dissolution of the character of the relation of trustee and *cestui que trust* existing between the said James and the plaintiff, or that the trustee had completed his trust in his lifetime. The verdict and judgment being against the defendant he appealed.

The cause was argued before Le Grand, C. J., Eccleston, Mason and Tuck, J.

*Charles F. Mayer* and *Joseph M. Palmer* for the appellant, made and argued the following points:

1st. The main question in this case is one of jurisdiction, and the appellant insists, that from the facts proved, the court below, as a court of law, had no jurisdiction over the subject

matter in controversy, and therefore erred in refusing to instruct the jury accordingly. 1 *Chitty's Gen. Pr.,* 6, 7, 8. *Sanders on Uses,* 222. 1 *Chitty's Pl.,* 2. 1 *Holt's Rep.,* 641, *Allen vs. Imlett.* 24 *Wend.,* 9, *Dias vs. Brunell's Exc'r.* 2 *Hall,* 130, *De Forest vs. Parsons.* By the common law a *cestui que trust* has no standing in a court of law, he can only assert his rights in chancery. 3 *G. & J.,* 393, *Green vs. Johnson.* 2 *Crompton & Meeson,* 597, *Britten vs. Perrott.*

2nd. The mere relation of trustee and *cestui que trust* will not entitle the latter to sue the former in a court of law for money had and received by the trustee, as such, without a new obligation or contract creating a *legal liability* to pay independent of the trust. 14 *Mees. & Wels.,* 49, *Bartlett vs. Dimond.* 16 *Do.,* 451, *Pardoe vs. Price.* *Hill on Trustees,* 518. The case of *Roper vs. Holland,* 3 *Adol. & Ellis,* 99, was decided upon the principle that in relation to the sum recovered the character of trustee and *cestui que trust* did not exist.

3rd. To have entitled the plaintiff to recover in this form of action, he should have shown clearly a complete and full execution of the trust, that the relation of trustee and *cestui que trust* was ended, and a certain and fixed sum of money or balance found due to the plaintiff upon a final settlement of the trust accounts, and an *express* promise to pay such certain sum or balance to the plaintiff so as to have created a legal obligation to pay independent of the trust. *Hill on Trustees,* 518, 547. 1 *Holt,* 501, *Case vs. Roberts.* 7 *Man. & Gran.,* 590, *Edwards vs. Bates.* 2 *Hall,* 133, *De Forest vs. Parsons.* 24 *Wend.,* 9, *Dias vs. Brunell's Exc'r.* 12 *Johns.,* 276, *Weston vs. Barker.* *Lewin on Trusts,* 20. An action at law will not lie to recover legacies and distributive shares, because executors and administrators are trustees. If the relation of executor and legatee is destroyed, an action at law can be sustained. *Brown on Actions at Law,* 275. 5 *Term Rep.,* 690, *Deeks vs. Strutt.* 7 *Barn. & Cres.,* 542, *Jones vs. Jones.* An executor is not bound by his promise unless he

42    v.5

has assets; a promise to pay without assets is a mere *nudum pactum.* 5 *Term Rep.*, 8, *Pearson vs. Henry.* 1 *Cowp.*, 284, *Atkins vs. Hill.* 12 *East*, 232, *Hindsley vs. Bussell.* The true principle involved in this case it would seem is conclusively settled in the case of *Riarl vs. Wilhelm*, 3 *Gill*, 356. There must be a fixed certain sum ascertained to be due, and a promise to pay that certain sum, to enable the plaintiff to recover. The legal liability must be substituted for the equitable, and it must be complete in itself.

4th. It is respectfully submitted that there is not one particle of evidence in this case *legally sufficient* to terminate and end the relation of trustee and *cestui que trust,* created by the deeds of trust in question, and to create a legal obligation and liability independent of the trust to pay a certain and fixed sum to the plaintiff so as to enable him to recover in this action.

*William P. Maulsby* for the appellee.

The mere continuance of the relation of trustee and *cestui que trust* does not prevent the latter from recovering at law any part of the trust fund set apart, apropriated and ascertained between them. 3 *Adol. & Ellis*, 99, *Roper vs. Holland.* The deeds of trust provide that the balance, after payment of debts, should be paid over to the grantee. The statement made out by Luckett was an audit of the whole trust fund, showing a specific balance due and *payable* to the plaintiff. This is a full and *final* settlement of the trust proved by the declarations of the trustee himself. It makes no difference how the balance was ascertained. There is also evidence from which the jury might infer an *express* promise by the trustee to pay. He says he intended to pay Howard this balance, which was between $200 and $300. But it is not necessary to prove an *express* promise; the case of *Riarl vs. Wilhelm*, 3 *Gill*, 356, was decided upon a clear misapprehension of its facts, yet it decides that witnesses need not be produced to prove an express promise, but that such promise may be inferred from facts and circumstances. As soon as a

trust ceases to be a continuing subsisting trust, an action at law accrues. 3 *G. & J.*, 389, *Green vs. Johnson and Wife*, 3 *Md. Rep.*, 366, *Hertle and Wife, vs. Schwartze, et al.* 2 *Cromp. & Mees.*, 698, *Hart vs. Minors.*

LE GRAND, C. J., delivered the opinion of this court.

This is an action of *indebitatus assumpsit*, and was instituted by the appellee, who was the plaintiff below, to recover a sum of money from the appellant, as executor of James, which he claimed to have been in the hands of James at the time of his death, and as belonging to him.

The evidence in the cause shows, that the appellee executed two deeds of trust to the testator of the appellant, one in 1845 and the other in 1846. The purpose of these deeds was to secure the payments of the debts due by the appellee, which is fully expressed in them, and then provide, if there should be any balance of the proceeds of sales remaining, that it should *"be paid over to the said Richard Howard,"* the plaintiff.

The appellee contends there was a balance so remaining, and that James promised to pay it.

On the part of the appellant the claim is resisted, on the ground that there was no settlement of the trust and no adjustment between the parties of any balance, and no promise made to pay any; and therefore, whatever may be the true state of the trust funds, a court of *law* has no jurisdiction of the matter; in other words, if there be any claim it is of an equitable, and not of a legal, character, and if enforced can only be so by a court of equity.

There can be no doubt in this State as to the principles of law which must govern the decision of this case. It is unquestionably true, that to enable the plaintiff to recover in this action, he must show that there had been an adjustment of the accounts between the parties and a promise to pay the amount ascertained to be due. Unless he can do this he has no standing in a court of *law*. On the other hand, if he can make out these facts, there is no difficulty in regard to the jurisdiction of a court of law. So long as the amount of indebtedness was undecided and an absence of a promise to pay,

the matter remained one only cognizable by a court of equity; but whenever these facts are established as between the parties, a paramount legal title results to the promisee, which enables him to proceed in a court of law.

This being the undisputed law applicable to the case, the matter for our determination is one purely of *fact*, and therefore to be settled by the evidence in the cause.

It appears from the evidence of Mr. Luckett, that at the instance of Mr. James he prepared from vouchers and papers furnished by Mr. James, a "statement of an account between the creditors of Richard Howard and Sir Pratby James, Esq., trustee." The witness also proved, that the whole of the account was supervised by Mr. James, and was, with but few exceptions, in the handwriting of witness. The account, as prepared by Mr. Luckett, concludes with these words: "Leaving as balance, *payable* by trustee to *cestui que trust*, Richard Howard, $256.31." The words which follow these, and proved by another witness to be in the handwriting of Mr. James, are, "to two judgments paid Thos. E. D. Poole, not in the above, $27.43—balance *payable as above*, $228.88—error in calculation on Rockwell's judgment, $3.68—$225.20."

In addition to this evidence, the plaintiff, by the witness, Wilson, proved, that in the year 1849, a short time before the death of Mr. James, and while witness was in his employ, the former paid a visit to Mr. Howard, and on his return home witness asked him how he and Mr. Howard came on, and that James replied, "better than you or I expected; that he had had a settlement of the trust business with said Howard, and had given up to Howard all the papers in relation to the trust business; that there was a balance of between two and three hundred dollars due Howard, and he, Howard, would not owe a dollar in the world,—that James *meant to pay him*, *Howard*, and when he did, he would advise him to go and live in his house," &c. It was also proved by the witness, Clary, that in a conversation had with James in regard to a claim which witness had against Howard, the former said, "never mind, we can settle that at another time; I have had a settlement with Mr. Howard a few weeks ago, and I gave

up the papers to him, but I will call and see him and get him to let me see the papers, and see the amount of your claims and pay you the money. I have retained the amount of your bills out of Mr. Howard, and will settle them up with you as soon as I ascertain the amount from the papers in Howard's hands. Understood Mr. James to speak in reference to a settlement of the trust affairs.''

On this state of facts the appellant offered to the court below two prayers, which we think were properly rejected. To our apprehension it seems difficult to understand what stronger proof could be furnished to show an adjustment between the paries and a promise to pay the amount ascertained by it. The account was made out at the instance of Mr. James, and by him added to, concluding with the statement, that the amount was *payable* to the appellee. It is but a just inference from all the testimony, that this account was delived by Mr. James to Mr. Howard, and also, that he made a promise to pay. Although the law requires there should be an express promise to pay, yet this it is not incumbent on the plaintiff to show by direct testimony; it may be established by facts and circumstances. So far from direct evidence being required, the case of *Riarl vs. Wilhelm*, 3 *Gill*, 364, so confidently relied upon by the counsel for the appellant, expressly says, that "as in other cases, so in this, what is sufficient proof is a question for the jury, and the fact may be established by circumstances, and just and fair inferences from facts, as well as by positive testimony.'' In so far as the *jurisdiction* of the court is concerned, that case is identical in principle with the one now before us; and we think the facts in this case are such as irresistibly to convince the minds of any jury both of the adjustment and the promise to pay, and accordingly affirm the judgment.

*Judgment affirmed.*

MASON, J., concurred in the opinion of the court, with the exception, that he thought an *express* promise unnecessary; holding that an *implied* promise was all sufficient, and for this opinion he relied upon the authorities collected in 3 *Maryland Reports*, 383.