Adm'r of Sargent *v.* Adm'r of Kimball.

ADMINISTRATOR OF S. SARGENT'S ESTATE, *de bonis non, v.* ADMINIS-
TRATOR OF JOHN H. KIMBALL'S ESTATE.

*Administrator's Bond.    Contingent Claim.*

If an administrator neglect while he lives to pay to the creditors of his testator's
estate the amount found in his hands upon settlement of his administration ac-
count, and ordered by the probate court to be paid them, the claim for such
amount against the administrator's estate is absolute and not contingent, and
should therefore be prosecuted as such before the commissioners.

A contingent claim is one where the liability depends on some future event, which
may or may not happen, and which therefore makes it wholly uncertain whether
there ever will be a liability.

APPEAL from the probate court.    It was agreed that the facts
upon which the plaintiff relied in support of his case were as follows :
John H. Kimball was appointed administrator of the estate of Ste-
phen Sargent, and gave a bond in due form.    Assets came into his
hands belonging to said estate, and on settlement of his account in
the probate court there was found in his hands the sum of $192.21,
which said court ordered Kimball, as such administrator, to pay over
*pro rata* among the creditors of said estate.    It is claimed by the
plaintiff that Kimball did not pay said dividend, but in part neglected
so to do, and the plaintiff offered evidence tending to show that the
same was unpaid as to certain of the creditors of said Sargent's
estate.

John K. Kimball deceased in 1858.    The plaintiff, administrator
*de bonis non* of S. Sargent's estate, presented his petition to the pro-
bate court of Orleans district, on the 31st May, 1860, for an order
to allow the bond of said Kimball, administrator as aforesaid, as a
contingent claim against his estate, and the same was allowed.

At the Orleans county court, June Term, 1863, PECK, J., presid-
ing, upon the foregoing facts the court decided that the claim was
not a contingent claim, and that for that reason it could not be en-
tertained and allowed by the probate court except through commis-
sioners, and on this ground alone disallowed the claim and rendered
judgment for the appellant to recover his costs.    To this decision the
appellee excepted.

B. F. Fifield, for the defendant, cited *Jones* v. *Cooper,* 2 Aik. 54.
*Timothy P. Redfield,* for the plaintiff.

Adm'r of Sargent *v.* Adm'r of Kimball.

POLAND, Ch. J. From the facts presented by the agreed case, it is evident that the sole purpose of this proceeding in the probate court, was to enforce payment from Kimball's estate of the amount he was ordered to pay to the creditors of Sargent's estate by the probate court in 1846.

Nothing appears but that the settlement of Kimball's account as administrator of Sargent, in 1846, included and covered all the assets of the estate that ever came to his hands. Upon that settlement an order of distribution was made of the full amount in his hands, and he was ordered to pay the amount to the creditors, being twenty-one cents on the dollar to each. It is claimed that some of these creditors were never paid by Kimball this dividend, and it is upon this ground alone that the new representative of Sargent's estate presented Kimball's administration bond for allowance by the probate court as a contingent claim.

The only question presented is, whether in this view, and as a security for the payment of these creditors, Kimball's bond was a contingent claim, and properly allowed as such by the probate court. Under our system of settling the estates of deceased persons, all debts and claims of every sort, payable, or to become payable, absolutely, are required to be presented to the special tribunal provided by law for their adjudication, and if not there presented are barred. No uncertainty in relation to the amount due, or whether anything is due upon what is claimed to be an absolute debt against an estate, makes a case of a contingent claim within the meaning of the statute. A contingent claim is where the liability depends upon some future event, which may or may not happen, and therefore makes it now wholly uncertain whether there ever will be a liability.

The statute provides that after a decree by the probate court ordering a distribution of assets to the creditors, and the time fixed for payment has expired, the administrator shall be personally liable to the creditors for the amount so ordered to be paid, *as for his own debt*, and also that he shall be liable on his bond. In such case the creditor's debt becomes, (at his election at least,) an absolute debt against the administrator, enforcible against him personally and against his own property; and such failure to perform the order of the court, is not only a breach of the bond of the administrator in

terms, but is made so expressly by the statute. If the administrator is alive, and a creditor desires to enforce the payment of his debt by the administrator by a suit on his bond, the statute provides the mode of proceeding, by a suit in the name of the probate court, to whom the bond is given as a public trustee, for the benefit of all persons interested in any manner in the proper and faithful administration of the estate. But after a decree of distribution, the rights of the creditors are essentially several; any one can sue the administrator for his debt alone, and any one can prosecute on the bond. If the administrator has deceased, and the creditor wishes to pursue his remedy against his estate, there would seem never any necessity of resorting to the bond for that purpose, as the claim may be presented to the commissioners, and allowed by them, as it might have been sued for, and recovered in the life of the administrator, as his own debt. But if it were necessary to pursue the remedy on the bond for a breach, there is as little difficulty. If the condition of the bond has been broken, so that a suit could have been maintained in the lifetime of the administrator, it is equally a proper claim to be adjudicated by the commissioners on his estate. The same course of proceeding provided by statute in actions on probate bonds, cannot of course be followed, but this presents no difficulty. There are no forms of proceeding before commissioners, no declaration or pleadings are required, they are to allow all just debts and claims, no matter in what form they exist.

It is perfectly manifest that no claim could be more absolute against Kimball's estate than the claim of these creditors; and that the proper tribunal before whom to prosecute it was the commissioners on his estate. The fact that disputes existed between Kimball and some of them as to whether he had paid their debts, made the claim no more contingent than would a similar controversy with a man who held a note against him. Whether Kimball paid each of these creditors as ordered, was never a question to be settled between them by the probate court, but by whatever legal tribunal the creditor might resort to for the purpose of enforcing payment, if refused.

The plaintiff's counsel seem to understand that the amount in Kimball's hands in 1846, and ordered to be distributed to creditors,

Adm'r of Sargent *v.* Adm'r of Kimball.

if not paid by Kimball to the creditors, should now be paid over by Kimball's estate to the new administrator; that a settlement is now necessary in the probate court, to show how much Kimball paid to the creditors, and how much remains unpaid.

But when by decree of the probate court, the sum in Kimball's hands was decreed to be paid in several sums, to the creditors, the right to that amount became vested in such creditors, the administrator became personally bound for the payment of it; the new administrator was in no way responsible for it, nor entitled to the possession or control of it.

It is difficult for us to see what right this new administrator has to represent the creditors in any prosecution of their right under said order of distribution, whereby their rights to the extent of the sum ordered to be paid, became several and personal against Kimball himself; but this is a question not raised, or necessary to be decided.

This claim in behalf of the creditors of Sargent's estate against the estate of Kimball, was clearly absolute, and not contingent, and should therefore have been prosecuted as such before the commissioners, and was improperly allowed as a contingent claim by the probate court.

We can imagine a state of facts where it might be proper for the probate court to allow the bond of an administrator, as a contingent claim against his estate, in favor of his successor in the administration, but the facts relied on in the case presented, make no proper ground for it here, and the great lapse of time since the decease of Sargent, render it in the highest degree improbable they can exist.

The judgment of the county court is affirmed, with costs in this court, and the same is ordered to be certified to the probate court.