LAKE PHALEN LAND & IMPROVEMENT COMPANY v. ROSE LINDEKE
and Others.[1]

November 11, 1896.

Nos. 10,109—(33).

66  209
66  250
66  209
70  522

66  209
84  383

66  209
86  217

**Corporation — Subscription — Liability of Distributees of Deceased Subscriber.**

The articles of incorporation of a corporation provided that a certain portion of the amount subscribed for its stock should be paid in when called for by its board of directors. A subscriber died intestate. His estate was administered, the residue distributed to the heirs and next of kin by decree of the probate court, and the administrator discharged. Thereafter said board made an assessment on all of the stock. *Held,* such assessment was a condition precedent to the recovery of the amount so called or assessed; the claim for the same before such call was a contingent claim, which could not be proved in the probate court; and, following Hantzch v. Massolt, 61 Minn. 361, an action will lie for the amount of the same against the distributees, to the extent of assets received by them.

**Same—Heir—Next of Kin.**

*Held,* as the heir and next of kin is now, so far as material here, the same person, it is immaterial, under G. S. 1894, §§ 5918–5925, what amount of personal assets and what amount of real estate were received by such distributees, so long as they received more than enough of both or either to satisfy such claim.

**Same—Widow—Distributive Share.**

*Held,* while the surviving wife's distributive share (aside from the homestead) in her deceased husband's real and personal property partakes somewhat of the nature of the widow's dower, it has also many of the attributes of the distributive share of the heir and next of kin, and, for the purpose of subjecting it to the debts of the deceased, must be classed with such distributive share, as well under said sections 5918–5925 as under the Probate Code.

Appeal by defendants from a judgment of the district court for Ramsey county, in favor of plaintiff, entered in pursuance of the findings and order of Otis, J. Affirmed.

*Warner, Richardson & Lawrence,* for appellants.
*Davis, Kellogg & Severance,* for respondent.

[1] Reported in 68 N. W. 974.
    66 M.—14

CANTY, J. The plaintiff is a corporation organized under the laws of this state. Its articles of incorporation provide that its capital stock shall be paid for as follows: "Five per cent. of the amount of stock subscribed shall be paid in when taken, and the remainder shall be paid in when called for by vote of the board of directors."

In February, 1889, William Lindeke subscribed for 500 shares of this stock, of the par value of $50 per share, and agreed to pay for the same as provided in the articles of incorporation. He paid a part of the amount, and thereafter, in March, 1892, he died intestate. Letters of administration were issued, his estate administered, and in January, 1894, a final decree was entered in the probate court assigning the residue of his estate (except this stock, which was never assigned or disposed of), one-third to his widow, and one-sixth to each of his four children (these being his only heirs and next of kin), and the administrator was duly discharged. Thereafter, on February 5, 1894, plaintiff's board of directors voted an assessment of $6.35 per share on all the stock of the corporation, and on November 24, 1894, they voted an additional assessment of $1 per share on all of the same, the total amount of these assessments due on the Lindeke stock being $3,675. No claim was ever presented to the probate court for any of these unpaid assessments, although an order was duly made limiting the time for creditors to present claims against the Lindeke estate, notice thereof was duly published, and the time to present claims had expired before the estate was so assigned and the administrator discharged.

This action was brought against the widow, heirs, and next of kin aforesaid to recover of them the amount of these assessments. The court below tried the case without a jury, found all of the foregoing facts, and ordered judgment for plaintiff, and from the judgment entered thereon defendants appeal.

There is no settled case, but appellants contend that the judgment is not supported by the findings. In the case of Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069, we held that, where a contingent claim did not become absolute until after the time to file claims in the probate court had expired, such claim was not barred, but when it became absolute the holder of it could proceed by action under G. S. 1894, §§ 5918–5925, against the next of kin and heirs, and recover to the extent of the assets received by them from the estate.

1. But appellants contend that the claim here in question was not a contingent claim; that, if there was any condition precedent to the right of plaintiff to recover upon this claim, it was a condition which plaintiff could itself perform, and of which it had complete control; that therefore the claim is not contingent. To support this argument, appellants invoke the principle involved in such cases as State v. Norton, 59 Minn. 424, 61 N. W. 458, where it is held that a party cannot prevent the running of the statute of limitations against his cause of action by failing to perform a condition precedent which it is in his power to perform.

In our opinion the condition precedent in the case at bar is very different. The Lindeke stock could not be assessed without assessing all the rest of the stock. While, perhaps, it was physically in the power of plaintiff's directors to make an assessment on all the stock of the corporation at any time, yet to do so until the money was needed by the corporation or its creditors might be very unwise and improper. We are clearly of the opinion that there was no cause of action against Lindeke or his estate until such an assessment was made. But no such assessment could be made against the Lindeke stock alone. On what principle of law should it be held that the directors should assess a quarter or a half a million of stock merely in order to put the corporation in position to recover on the Lindeke stock? We cannot hold or presume that the condition precedent in this case was one which the directors should or could, with due regard for their duties, have performed before the time expired in which the claim could have been proved against the estate in the probate court. Again, it might be that no such assessment would ever be necessary. We must, therefore, hold that the claim was contingent, and continued to be until after the time to present it in the probate court had expired.

2. The court below found that the decree of distribution in the probate court distributed to the defendants, in the proportion aforesaid, "all of the real estate and personal property of said deceased, * * * and it was admitted upon the trial, for the purpose of this case, and the court finds it a fact, that real property of the value of $100,000 was distributed to said heirs and next of kin as follows, to wit." Then the court specifies the proportions as aforesaid, but the court does not find the amount or value of the personal property so dis-

tributed.   For this reason it is contended by appellants that the findings do not support the judgment, as sections 5918–5925 aforesaid provide that the claim against the next of kin on account of the personal assets received by him must be first exhausted, before suit can be maintained against the heir on account of the real estate which he received.   The point amounts to nothing, for the reason that under our statute the heirs and next of kin are, so far as material here, the same persons; and if these defendants, as next of kin, received personal assets sufficient to pay this claim, they are liable.   If they did not, they are still liable as heirs, as they received more than sufficient real estate to pay the same.

3. It is further urged by appellants that the widow is neither heir nor next of kin, but takes merely an enlarged statutory dower, and therefore is not liable under said sections 5918–5925, which only provide for recovery from the next of kin and heirs.   We cannot agree with appellants.

G. S. 1894, § 4470, provides for the disposition of the homestead. Section 4471 provides that the surviving husband or wife shall be entitled and shall hold in fee simple an undivided one-third of all other lands, "but subject, in its just proportion with the other real estate, to the payment of such debts of the deceased as are not paid from the personal estate."   Subdivision 6 of section 4477 provides that "the residue, if any, of the personal estate, shall be distributed in the same proportion and to the same persons and for the same purposes, as prescribed for the descent and disposition of real estate." Just what the character of the surviving wife's interest in her deceased husband's real and personal property is, we need not here determine.   While that interest partakes somewhat of the nature of the widow's dower, it has also many of the attributes of the distributive share of the heir and next of kin, and, for the purpose of subjecting it to the payment of the debts of the deceased, must be classed with such distributive share, as well under said sections 5918–5925 as under the Probate Code.

This disposes of all the questions in the case having any merit, and the judgment should be affirmed.   So ordered.