C. E. CLARK v. EVA GATES and Another.[1]

November 15, 1901.

Nos. 12,853—(67).

**Breach of Warranty—Claim against Estate of Decedent.**

A claim for damages for a breach of warranty in the sale of personal property against the deceased vendor must be presented to the probate court within the time fixed by such court, under G. S. 1894, § 4511, for allowance, or it will be barred.

**Same—Fraud.**

*Held,* upon an examination of the facts in this case, that there was no evidence to establish fraud in the sale of personal property in question; that the claim was for a breach of warranty, resting solely upon contract, and, not having been presented for allowance within the time fixed by the court after the death of the vendor, could not be maintained.

Action in the district court for Olmsted county against defendants, Eva L. Gates and another, the heirs of Erford A. Gates, deceased, to recover $500 for breach of warranty on the sale of a stallion by decedent. The case was tried before Snow, J., and a jury, which rendered a verdict in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Thomas Fraser,* for appellant.

*Brown, Abbott & Somsen,* for respondents.

LOVELY, J.

Plaintiff purchased a stallion for breeding purposes of defendants' testator. Subsequent to such sale the vendor died testate. His will was duly admitted to probate in Winona county. A time was fixed by the court for the presentation of claims against the estate, under the provisions of G. S. 1894, § 4511. After the time so fixed had expired, this action was commenced against the beneficiaries in testator's will, to whom the property of the deceased had been distributed, to recover damages for a breach

[1] Reported in 87 N. W. 941.

of warranty of the qualities of the horse as a foal getter, accompanied with deceit in the sale of the property.

The allegations of the complaint are sufficient to show that the horse was warranted for certain purposes; that the representations of the qualities of the horse were untrue,—in other words, a breach of warranty, with a proper allegation of injury, and damages. The only averment to support the claim of fraud and deceit in the complaint is as follows:

"That said statements and representations [of the represented qualities of the horse] made by said Erford A. Gates [the vendor] were in fact false and untrue, and plaintiff believes were known by him to be when made."

On the question litigated at the trial,—whether the warranty was oral or written,—considerable evidence was introduced to show that it was in writing, although it had been lost, and its contents were sought to be established by parol. The court excluded all evidence of an oral warranty, which ruling, for reasons stated hereafter, we do not consider. The court also instructed the jury that there was no evidence of fraud or deceit practiced by decedent upon the purchaser, and submitted the issue of the existence of the written warranty and its breach to the jury. The jury found, by special verdict, that the horse had not been warranted, and generally for the defendants. A motion for a new trial was made and denied, from which order plaintiff appeals to this court.

Defendants insist that whether the property sold to plaintiff was conveyed with a warranty, or whether there was a breach of such warranty, is immaterial on this appeal, since the evidence has no tendency to show that the vendor of the horse practiced any fraud or deceit upon the purchaser; that her damages, if any, were for a breach of contract, purely; also, that her demand for the same, not having been first presented for allowance in the probate court within the time fixed for hearing claims, is barred, and, irrespective of its merits, cannot be maintained in this suit against the legatees in the will.

We have no doubt that the right to recover damages for a.

breach of warranty, pure and simple, surviving against a person deceased, must be filed and presented to the probate court for allowance. Such a claim is clearly within the requirements of the statute (section 4511, supra) and not subject to any exception therein. It is not an action sounding in tort, or depending upon a contingency or event unknown at the time, which will justify a suit to recover upon the substantive cause of action against the beneficiaries of the estate after the limitation period to present claims to the probate court as duly fixed thereby has expired.

Counsel for plaintiff urges that upon the evidence she is entitled to recover for the fraud and deceit alleged in the complaint and established upon the trial. If the complaint presented an issue of fraud, which, under the allegation referred to, may be doubtful, and there was evidence tending to establish such issue, that position might be tenable, and would enable plaintiff to recover against the heirs on the equitable ground that they were owners of the testator's property after the same had been given to them, and liable for claims not allowable in probate court. Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069; Lake Phalen L. & Imp. Co. v. Lindeke, 66 Minn. 209, 68 N. W. 974. But upon a very careful examination of the entire record, we find no evidence tending to show that deceased practiced any fraud or deceit upon the plaintiff in the sale of the horse; hence plaintiff's claim arises upon contract, not in tort, and was therefore subject to the limitations of the statute (G. S. 1894, § 4511). Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583; State v. Probate Court of Rock Co., 66 Minn. 246, 68 N. W. 1063; Fitzhugh v. Harrison, 75 Minn. 481, 78 N. W. 95.

To constitute a tort, the act or omission must be entirely independent of contract right. 1 Hilliard, Torts, 1. A wrongful or malicious intent is the essential element of a tort. Cooley, Torts, 688. Acts of deceit from which consequent damages arise may be a tort. Underhill, Torts, 4. These are elementary propositions, but perhaps not uselessly cited, in view of the course of the argument in this case.

We are unable to adopt the views drawn from the two or three,

statements of testator, as disclosed in the record, which plaintiff's counsel insists lead to the conclusion that he intended to defraud plaintiff. We therefore must hold that the instruction of the trial court that no fraud had been proved was right, also that limitation of time to allow the claim in the probate court had expired, which dispenses with the necessity of construing further assignments of error, as this result is, without doubt, decisive of this appeal.

Order affirmed.