ALBERT S. GUILD, trustee, *vs.* CLARA L. WALTER & others.

Middlesex.   March 20, 1902. — October 31, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Trust*, Construction.   *Words*, "Legal debts."

An unmarried woman owning two parcels of land conveyed the first parcel to a trustee for the benefit of her sister after the grantor's death "subject to a mortgage" and covenanted against all incumbrances "except as aforesaid." On the same day she conveyed the second parcel to the same trustee with a direction to sell it after the grantor's death and from the proceeds to "pay her legal debts and funeral expenses" and after deducting charges, to pay the balance to the grantor's brother, or if he were then dead, to her sister. After the grantor's death it turned out that the proceeds from the sale of the second parcel would be less than sufficient to pay all the debts of the grantor if the debt secured by the mortgage on the first parcel was included. *Held*, that the mortgage debt must be so included, the facts not, being sufficient to show that the words "her legal debts" were used in other than their natural meaning.

BILL FOR INSTRUCTIONS, filed August 8, 1901, by a trustee under two declarations of trust made by the plaintiff relating to two parcels of land respectively conveyed to him by two deeds of Mary A. Leonard, an unmarried woman late of Newton.

The case came on to be heard before *Morton*, J., who with the consent of the parties reserved it upon the bill, answers and agreed facts for the consideration of the full court, such disposition to be made of it as to the court should seem meet.

The case was submitted on briefs at the sitting of the court in March, 1902, and afterwards was submitted on briefs to all the justices.

*T. H. Armstrong*, for Clara L. and Thomas H. Walter.

*F. W. Qua*, for George H. Leonard.

HOLMES, C. J.   This is a bill brought by a trustee for instructions as to whether he is bound to apply the proceeds of a parcel of land embraced in the trust to the payment of a mortgage debt of his grantor, the creator of the trust, one Mary A. Leonard. The facts are as follows. Mary A. Leonard conveyed a parcel of land to the plaintiff, " subject to a mortgage " described, being the one concerned, covenanting against all

incumbrances " except as aforesaid," and warranting against all claims under her. On the same day she conveyed another piece of land to the plaintiff. This last is the land in question. These conveyances were made upon trusts declared by the plaintiff in separate instruments dated respectively two and five days later. The trust. of the mortgaged land after the grantor's death was in favor of Clara L. Walter, the sister of the grantor. That of the parcel in question was to sell it after the grantor's death and from the proceeds to " pay her legal debts and funeral expenses," and after deducting charges, to pay the balance to George H. Leonard, her brother, or if he were then dead, to Clara L. Walter. The brother contends that all the instruments should be construed together, and that so construed they show a purpose to throw the burden of the mortgage on the mortgaged land and therefore to except that debt from the words " her legal debts."

It would not be difficult to adopt the brother's contention, but in the opinion of a majority of the court there are no words clear enough to show that it is right. We are content to take the instruments together. We also assume that the conveyance of the mortgaged land, standing by itself, would have thrown the burden of the mortgage on the land as against the grantee, and that the grantor warranted only the equity of redemption. *Ayer* v. *Philadelphia & Boston Face Brick Co.* 157 Mass. 57, and cases cited. But even if the grantee had agreed to pay the mortgage debt, which he did not, *Fiske* v. *Tolman,* 124 Mass. 254, the debt still would have been a debt of the grantor, on which the holder of the mortgage note could have recovered a judgment against her. There can be no question that it is embraced in the literal meaning of the words " her legal debts." When the words in their literal sense have a plain meaning, courts must be very cautious in allowing their imagination to give them a different one.

The facts relied on for an unnatural construction are that the mortgaged land was conveyed subject to the mortgage and that the beneficiaries were equally near to the grantor. But the form of the deed was the form naturally adopted in describing the premises, and taken by itself in a trust deed was perfectly immaterial. If what the grantor had had in mind was to except

the debt from the trust of the other land, she naturally would have taken a less roundabout way to say so.    It is true that the debt as it then was, with the other debts as they turned out, more than exhausts the proceeds of the land ; but that was matter of speculation when the trust was declared, and there was nothing to show that the grantor expected that the sum to be paid to her brother would be considerable.    " The balance " means the balance if any.    The equal relationship raises no presumption that the grantor intended equality in her gifts.    Looking only to these instruments more solicitude is shown about the sister than about the brother, as it well might be, on account of her sex, without a difference of affection.    If it were proper to consider extrinsic evidence, the grantor made a will within a month and a half after her conveyances, by which she left all her property, except a clock and a ring, to her sister.    But this is not material, and is not very significant as she owned little except the property given in trust.

The case is not presented in such form as to require or justify further instructions.

*Decree accordingly.*