GEORGE S. INNIS v. ALEXANDER DEWITT FLINT and Another.[1]

December 31, 1908.

Nos. 15,804—(128).

**Expenses of Trustee—Security.**

All expenses and indebtedness incurred by a trustee of an express trust in the management and preservation of the trust estate become a legitimate charge, though secured by a mortgage on specific property, on the entire estate.

**Termination of Trust.**

Where a trust is terminable only when all debts have been paid and discharged, the existence of a mortgage debt incurred by the trustee for the benefit of the estate will bar the right of the remaindermen to demand a termination of the trust and a distribution of the property until it has been paid.

Application to the district court for Ramsey county by George S. Innis, as trustee under a trust created by the last will and testament of Julia A. R. Flint, deceased, for the allowance of his account and for an order allowing a sale of certain household effects in his hands. The terms of the trust are stated in the opinion. Alexander DeWitt Flint, residuary legatee under the will, filed objections and alleged that the testator was never at any time liable for any part of the debt secured by the mortgage made by herself and husband, that said debt was never at any time the obligation or debt of said testator or of her estate, and prayed for an order terminating the trust. The court ordered other parties in interest to answer the petition of the objector, which they did. In addition to other facts it was stipulated that for the purpose of securing an extension of the mortgage mentioned in the objections, the testator, then the owner of the property, in 1901 agreed with the mortgagee to assume and pay as her individual obligation the balance due on the mortgage. This mortgage was paid by the trustee in 1906 with the proceeds of another mortgage and of a note, as stated in the opinion.

The matter was heard before Hallam, J., who allowed the account and denied the petition of objector. From such order, Alexander De-

[1] Reported in 119 N. W. 48.

Witt Flint, and Frank J. Clemans, as guardian of Helen S. Flint, minor, appealed. Affirmed.

*B. H. Schriber, George Cahill, A. E. Horn, W. W. Cutler* and *F. J. Karasek,* for appellants.

If this court holds that the debts were not paid when the final decree was entered, then it seems that the only reasonable interpretation that can be given to the word "debt" in this case is that it refers to the claim of the Northwestern Company. This claim was paid in full in 1906. Having been paid in full, the duration of the trust could not be extended by the making of a new charge against the estate. The mortgage which was made to the New England Company in 1906 was a new charge against the estate, but it was not properly a debt because in order that a debt may exist there must be a debtor and a creditor, and there is no person to occupy the relation of a debtor in connection with this charge. The trustee had no power to incur any indebtedness on behalf of the estate. Winston v. Young, 52 Minn. 1. Supposing that the buildings on the lot covered by this mortgage should be destroyed by cyclone and the property thus rendered valueless, the mortgage foreclosed and a sale for some $5,000 less than the amount due on the mortgage: Could the holder of the mortgage look to other properties in the trust estate for the satisfaction of his claim? Certainly not. The only claim of the New England Company is a claim against the real estate. Properly speaking, it is not a debt any more than a tax or assessment lien is a debt.

Again, the second subdivision of section 3249 of our statute, authorizes an express trust "to sell, mortgage or lease lands for the benefit of legatees, or for the purpose of satisfying any charge thereon." While it is true that neither the will nor the probate court in express terms granted the trustee the power to mortgage lands for the purpose of paying the existing indebtedness, still the will and the trust have been construed by the district court as authorizing a mortgage, it appearing that the act of the trustee in executing the new mortgage to the New England Company was pursuant to the order of the district court. This construction having been given to the decree, it will not avail respondents now to claim that the power to mortgage did not exist. The statute does not authorize a trust to continue after the making of the

mortgage to pay the charge until that mortgage is satisfied, or until another mortgage is made and that is satisfied and so on indefinitely. The duration of the trust under this provision of our statute can be only so long as the property or debt which was in existence at the creation of the trust continues and when that is paid, either by sale of the land or by an accumulation of rents and profits or by a new mortgage, then the purposes of the trust have been fulfilled.

*Charles N. Akers, L. J. Van Fossen* and *E. F. Mearkle,* for respondent.

BROWN, J.

In March, 1896, Julia A. R. Flint, then a resident of St. Paul, duly made and executed her last will and testament, by which she devised and bequeathed to her husband, should he survive her, all and singular her property, real, personal and mixed, and in the event that he did not survive her she gave her property to the persons named in her will in trust for the following purposes:

"1. To properly maintain and educate my daughter, Ferna Clarissa Flint, giving her plain living and the best educational advantages.

"2. To properly provide for the comfort of my mother, Marie C. Rockwood, during her natural life, if she shall need anything more than she already has.

"3. To use all income remaining, after providing as above for my daughter and my mother, to pay the indebtedness on my estate."

The further provision was made that if the estate was free from debt on the twenty-sixth birthday of her daughter, or if her daughter should die before that date, and on the death of her mother, the "trusteeship shall cease," if her debts were then paid, and the remainder of the property divided equally between Alexander DeWitt Flint, her husband's son by a former wife, and the trustees of Hamline University. Mrs. Flint died in 1904. Her daughter preceded her to the grave; but Mrs. Rockwood, the mother, survived and was living when the testatrix died. The will was duly admitted to probate. One of the persons named in the will for the trust thereby created was commissioned as trustee, and he qualified and entered upon the discharge of his duties. The estate was duly administered by the probate court, all debts presented and allowed by that court paid, and a final decree of distribution

entered on March 24, 1905, assigning the estate, after the death of Mrs. Rockwood, in accordance with the terms of the will. Mrs. Rockwood died in January, 1907.

The trustee thereafter made application to the court below for the allowance of his account and for an order authorizing the sale of certain of the effects in his hands as trustee. Upon the hearing of this application, Alexander Flint, residuary legatee under the will, appeared in opposition, filed objections to the account, and demanded that the trust be terminated and the remainder of the property in the trustee's possession divided as directed by the will and final decree of the probate court. This the trustee opposed on the ground that the trust had not terminated, because an indebtedness of the testatrix had not been paid; and he insisted that his authority as trustee be continued until it had been paid and discharged. The court below sustained the contention of the trustee, settled his account, and denied the prayer for the termination of the trust and distribution of the estate. From this order, Flint appealed.

The only question presented by the assignments of error is whether the court below erred in denying the prayer of the appellant for a termination of the trust and a division of the property. We are not concerned with questions affecting the validity of the will or the trust thereby created. All questions of that nature were conclusively settled by the final decree of the probate court. Greenwood v. Murray, 26 Minn. 259, 2 N. W. 945.

The will provided that the trust should cease and terminate on the twenty-sixth birthday of testatrix's daughter, March 7, 1912, if the estate was then free from debt, and, if the estate was not then free from debt that it should cease so soon as the debts were paid after that date. The facts leading to this branch of the case are as follows: During her lifetime the testatrix acquired title to lot 5, block 2, Hopkins' addition to St. Paul, subject to a mortgage then existing against it for $14,000. Thereafter, to obtain an extension of time of payment, she expressly assumed and agreed to pay that debt. The trial court held that this was an indebtedness against her estate, and, inasmuch as it had not been paid, the trust must continue. It is probable that the learned trial court was in error in so holding. The reference in the will to a termination of the trust when the debts of the testatrix had been paid, prop-

erly construed, had reference to such debts as were presented to the probate court and were allowable and payable in the administration proceedings, and to none other. The mortgage indebtedness was never presented to that court, and no claim has ever been made against her estate for its payment. The estate was fully administered and brought to a close by the final decree entered in accordance with the will, and the right to present the mortgage indebtedness as a claim against the estate has thus been foreclosed and lost forever. Jorgenson v. Larson, 85 Minn. 134, 88 N. W. 439; Clark v. Gates, 84 Minn. 381, 87 N. W. 941; Gilman v. Maxwell, 79 Minn. 377, 82 N. W. 669. So that after the final decree of the probate court the mortgagee had no claim which he could enforce against the general estate of testatrix, except the specific property covered by the mortgage; and, if the situation ended here, we should have no difficulty in holding that the trust should be brought to a close and the property divided.

But subsequent to the final decree the trustee, acting under the authority of the district court, the court having jurisdiction of the trust, took up the existing mortgage upon this particular property with funds raised by the execution of another mortgage to another person for $15,000. This new mortgage covered the same property and has never been paid. It was executed by the trustee as such, and the indebtedness secured and represented thereby became a charge upon all the trust property in his possession and control, precisely as all expenses and indebtedness incurred in the management and preservation of the property of the trust became a legitimate charge against the whole estate. 28 Am. & Eng. Enc. (2d Ed.) 942; Gisborn v. Charter Oak Life Ins. Co., 142 U. S. 326, 12 Sup. Ct. 277, 35 L. Ed. 1029; Guild v. Walter, 182 Mass. 225, 65 N. E. 68. And though the estate of the testatrix may have been discharged, the trust estate in the hands of the trustee remained liable for the payment of the debt, and a division of the property cannot be made while it remains outstanding. The indebtedness, though secured upon specific property, binds the entire estate, and the holder thereof cannot be deprived of his rights, at least without a hearing—and no notice was given him of this hearing—by an assignment and transfer of the property to the remainderman before payment is made. It follows, therefore, that the trust cannot be terminated by

judgment of the court until this indebtedness has been paid, and the or-
der appealed from must be affirmed.

We discover no reason, however, why the trustee might not, in prop-
er proceedings, be required to close up the trust by disposing of prop-
erty sufficient to pay the mortgage, for there seems no valid reason for
continuing it for the mere purpose of paying interest upon this particu-
lar claim; or it might be terminated, by order of the court, upon some
amicable agreement between the mortgagee and the remaindermen.

Order affirmed.