In the Matter of the Estate of MINNIE MOREY HOWARD v. A. FRANK HOWE, Claimant, Appellant.—131 S. W. (2d) 517.

Court en Banc, September 5, 1939.*

*NOTE: Opinion filed at May Term, 1939, July 5, 1939; motion for rehearing filed; motion overruled at September Term, September 5, 1939.

*Joseph. T. Davis, Bruce A. Campbell* and *L. C. Kingsland* for A. Frank Howe; *Robert T. Hensley* of counsel.

*Ethan A. H. Shepley* and *Frank Coffman* for respondent.

DOUGLAS, J.—Upon appeal from the probate court, the Circuit Court of St. Louis County dismissed the demand of $4,000,000 of A. Frank Howe against the estate of Minnie Morey Howard, deceased, and claimant has appealed to this court. An incidental phase of this controversy was before us in State ex rel. Howe v. Hughes, 343 Mo. 827, 123 S. W. (2d) 105.

The primary question for decision is whether the demand is contingent or of an equitable nature so that the probate court has no jurisdiction of it.

The demand is expressly based upon an interlocutory decree of the United States District Court for the Southern District of Illinois in an equity suit brought by A. F. Howe, plaintiff, the appellant here, against Clarence H. Howard, the Commonwealth Steel Company et al., defendants. The case is still pending, no final decree having been entered. Clarence H. Howard was the husband of Minnie Morey Howard. She died in February, 1937, and he predeceased her. All of the facts herein set out are stated as essential grounds in support of the demand.

Howe was and had been for some time an employee of the company. He brought the above suit claiming to be the inventor and owner of a patent for forming moulds for steel castings which the company used exclusively during the life of the patent and also of a patent for improvements in sand mills, also used by the company. He claimed that he was induced to assign these patents to the company and that such assignment was void. He prayed *inter alia* that How-

ard and the company, or either of them, be declared to be trustees as to all profits from the use of said patents, for an accounting, and for a decree for his fair share of the profits.

While this suit was pending, a committee for all the stockholders of the company sold all the property and assets of the company and distributed the major portion of the proceeds pro rata to the stockholders, retaining some funds for debts and expenses. An agreement between the committee and the stockholders was made providing that the acceptance of any distribution from the committee made the receiver thereof responsible for the debts, liabilities and obligations of the committee to the extent of the distribution received. The members of this committee were made parties defendant in the suit.

The District Court handed down its decree finding that Howe was entitled to a decree in harmony with the prayer of his bill, impressed a trust upon the patent, the legal title of which was in the company, and for the value of the patents less the value of shop rights. It ordered that an account be taken between Howe and the company to determine the "reasonable and the true value, if any," of the patents, the "value, if any," of shop rights thereunder in the company and that "plaintiff have a lien against all such assets and property in the possession and control of said (stockholders') committee to secure the payment of the amount or amounts awarded plaintiff, if any, under the accounting." The court enjoined the distribution of any funds remaining in the hands of the committee "until the interest, if any, of the plaintiff in the assets or property of said corporation shall have become fixed and satisfied." It also reserved jurisdiction of the cause.

At the time of the decree the committee had on hand approximately $1,700,000 which was subjected to the lien. A special commissioner was appointed to take the accounting, which is still in progress. It was asserted, however, that the accounting had advanced sufficiently to determine that Howe will be entitled to recover in excess of $5,500,000, or a balance against this estate of $4,000,000. Minnie Morey Howard in her lifetime owned 16,000 shares of stock of the company and because of a distribution from the estate of her deceased husband her estate owned in all the proceeds of 30,000 shares or more, or a total of $9,750,000. The prayer of the demand asks for an allowance of four million dollars against the estate "or in such sum and amount as is finally determined to be due your within named claimant under and by virtue of the judgment and decree."

This proceeding appears to be based on the agreement by which liability was assumed, to the extent of the distribution received, for debts chargeable to the committee. Necessarily, therefore, it must depend on and be ancillary to a finding that the company, held to be a trustee, is indebted to Howe for trust funds. In determining this issue we assume, but do not decide, the liability of the estate for the

debts of the committee as determined by the agreement. The relationship of trust was found to be between Howe and the company. Such a relationship implies an obligation as to trust funds but until the accounting is completed and results in a final decree finding that there are trust funds due Howe from the company, there can be no absolute liability. It is now uncertain whether liability will ever be absolute. The decree itself indicates this. While in its findings the court said the mould patent resulted "to the very great financial advantage" of the company, still the decree declared that the shop rights, if any, should be first deducted and that only after the accounting "the interest, if any, of the plaintiff" and "the amounts awarded plaintiff, if any, under the accounting" should be a lien against the remaining assets of the company. Under this decree which is the basis of the demand, it is possible that there may be no balance owing Howe and therefore no liability ever established. There being no absolute liability now existing on the part of the company, it follows that there can be none on the part of the committee or of the estate. While an amount due may be unliquidated or damages undetermined, the liability may nevertheless be absolute and a cause of action may have accrued. In such case the claim would not be contingent, but such is not the case here. A statement in the case of Heirs and Admrs. of Clair v. Smith et al., 3 Ohio St. 355, 365, is pertinent here. "The question of indebtedness (between the parties) ought to have been settled before a decree was pronounced, charging St. Clair as a debtor. For conceding that the trust was established, St. Clair could not be required to pay to Smith any part of the profits arising on the sales of the lands, if Smith were indebted to him, as claimed, upon other accounts. Until an account was taken of all the money transactions set forth in the bill and answer, no correct decree could probably be made."

Even if a balance should be found in favor of Howe, he has elected first to pursue the funds now in the hands of the committee and has had a lien impressed on them and their transfer enjoined. Since he cannot show at this time certain and positive liability on the committee, and consequently on the estate for a debt in excess of $1,700,000, the amount held, or even equal to it, he is bound by this election. Liability on the part of the estate cannot be absolute until the accounting has been finished. Even when it is finished if the balance is less, the estate never will be liable. How then can it be claimed that Howe's cause of action has now accrued against this estate and is not contingent? The answer is obvious that the demand is contingent. The fact that the demand sets out an arbitrary amount allegedly based on a partial accounting cannot make it certain for the reason that there can be no certainty until there is a final decree. Moreover, the demand admits such uncertainty in that it alternatively asks that it be allowed in such amount as is finally

determined to be due. The approved definition of a contingent claim fits this one perfectly. A contingent claim is one where the liability depends upon some future event, which may or may not happen, and therefore makes it now wholly uncertain whether there will ever be a liability. The contingency does not relate to the amount which may be recovered, but to the uncertainty whether any amount will ever be recovered. A claim not absolute or certain is not enforcible in the probate court against an estate. [Tenny v. Lasley, 80 Mo. 664; Stevens v. Stevens, 172 Mo. 28, 72 S. W. 542; Elms Realty Co. v. Wood, 285 Mo. 130, 225 S. W. 1002.]

The case of Admr. of Sargent v. Admr. of Kimball, 37 Vt. 320, is relied upon as a leading case on this subject. That was an action against the estate of a deceased administrator for the balance due unpaid creditors. The administrator had made a final settlement showing funds in his hands and distribution of those funds to the creditors had been ordered. Some were not paid and a claim was filed. The only question was whether the claim was contingent because the creditors had a choice of remedies. It was held that the claim was clearly absolute as the order of the probate court had vested in the creditors their rights to their distributive shares. The court also held that the fact that disputes existed between the administrator and some of the creditors made the claim no more contingent than would a similar controversy with a man who held a note against him. Davis v. Davis, 137 Wis. 640, 119 N. W. 334, defines a contingent claim as follows: "If a liability exists, but it is uncertain whether it will ever be absolute in the sense of being enforcible, it is contingent within the meaning of the statute." It held that a debt is not absolute if its enforcibility is contingent. The fact that a person has a choice of remedies on a note does not make contingent a claim on it, was held In re Golden's Estate, 120 Neb. 233, 233 N. W. 893. And in State ex rel. v. Probate Court, 66 Minn. 246, 68 N. W. 1063, the balance due on a capital stock subscription was held to be an absolute debt upon the delivery of the stock. Appellant's contentions are not sustained by his citations.

Furthermore, if because of such agreement the estate may be said to stand in a position similar to a co-trustee with the company, which we do not so decide, then this proceeding is analogous to an action at law for money had and received brought by a *cestui que trust* against his trustee for an amount belonging to the *cestui que trust*. It is generally held that such an action may not be maintained until there has been a final settlement of accounts and nothing remains on the part of the trustee but to pay over the amount found to be due. [Wittich v. Wittich (Mo. App.), 263 S. W. 1001.] In Davis v. Coburn, 128 Mass. 377, the plaintiff sought to recover of defendant as trustee under a trust to invest and account for the proceeds of certain gold dust sent him by plaintiff's intestate. It

appeared in evidence that when the gold dust was received by defendant the plaintiff's intestate was indebted to defendant. It was held that because no accounting had been rendered of the trust and no settlement of the account due under it had been made the only remedy of the cestui que trust was by a bill in equity and not by an action at law. Holding to the same effect are: Upham v. Draper, 157 Mass. 292, 32 N. E. 2; Johnson v. Johnson, 120 Mass. 465; Husted v. Thomson, 158 N. Y. 328, 53 N. E. 20; Nelson v. Howard, 5 Md. 327; Vincent v. Rogers, 30 Ala. 471. This is an additional reason why plaintiff's demand should not be cognizable against the estate.

As we have already pointed out, the decree upon which the demand is based found that the company held the patents in trust for Howe. The findings of the court are set out and they include this statement: "In the circumstances shown by the evidence in this case, the original trust became impressed upon the patent, and when such a trust is established it is well settled that the beneficiaries of the property may follow it into all forms of investment which it may assume." The claimant then alleged the distribution of capital assets by the company to Clarence Howard and upon his death the transfer of these assets to this estate and that the distribution and transfer were made with notice of the suit in the District Court. He finally claims that such assets became part of the assets of this estate and are subject to this demand. If these allegations so color this demand as to make it a suit to trace equitable funds into this estate, then the demand was properly dismissed because the probate court has no jurisdiction to entertain such a suit which lies wholly in equity. A probate court may invoke equitable principles in passing on demands and other issues within the jurisdiction conferred on it. [State ex rel v. Bird, 253 Mo. 569, 580, 162 S. W. 119.] Yet it has no jurisdiction over a proceeding seeking solely equitable relief. This is particularly true of a proceeding tracing trust funds. [Butler v. Lawson, 72 Mo. 227; Dietrich v. Jones, 227 Mo. App. 365, 53 S. W. (2d) 1059.]

In view of the conclusions reached, it becomes unnecessary to discuss other matters presented in this appeal. The judgment dismissing the claim should be affirmed. It is so ordered. All concur, except Hays, J., absent.