J. A. BRITIAN, Respondent, v. H. M. FENDER, Administrator, etc., Appellant.

Kansas City Court of Appeals, February 5, 1906.

1. ADMINISTRATION: Exhibition of Demand: Written Instrument: Pleading. The statue requires a demand against an estate to be in writing and state the amount and nature of the claim with a copy of the instrument of writing upon which the claim is founded, and a demand set out in the opinion is held:

    1. That the demand is not upon a written instrument but is for money had and received.

    2. That the nature of the demand is sufficiently stated.

    3. That if the statement was indefinite defendant should have moved to make it more definite and cannot after verdict maintain the belated complaint of its indefiniteness.

2. _____: _____: Evidence: Account Book. An entry in an account book is examined and held to have been properly admitted in evidence whether considered as an original entry or as a mere incompetent memorandum, since it had been exhibited to the decedent and received his approval.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Rechow & Pufahl* and *C. H. Skinker* for appellant.

(1) The plaintiff's statement does not state facts sufficient to constitute a cause of action. R. S. 1899, sec. 188; Watkins v. Donnelly, 88 Mo. 322; Seligman v. Rogers, 113 Mo. 642, 660; Breshears v. Strock, 46 Mo. 221; Sone v. Wallendorf, 187 Mo. 1; Williams v. Gerber, 75 Mo. App. 30. (2) That the court erred in the admission of evidence scarcely needs the citation of authorities. That the mill book was improperly admitted in evidence see Gregory v. Jones, 101 Mo. App. 270, and authorities there cited.

*F. T. Stockard* and *Johnson & Sea* for respondent.

(1)    As no formal pleadings are required in the probate court the statement is sufficient. R. S. 1899, sec. 200; Carson v. Waller, 104 Mo. App. 621; Walker v. Gay Est., 73 Mo. App. 89; Bronze Co. v. Doty, 99 Mo. App. 198.    (2)    It states facts sufficient to show indebtedness, and the evidence proves indebtedness, which is sufficient pleading in the probate court.    Bank v. Bank, 30 Mo. App. 271-279.    (3)    The transaction of borrowing the money to buy wheat for mill purposes, and the paying it out of the proceeds of the mill, made it a proper subject of book entry on the mill book, which coupled with Fender's admission that the entry was correct was properly admitted.    Stephan v. Metzger, 95 Mo. App. 609.    (4)    Appellant is in no position to complain of a variance as he failed to file the affidavit required by statute, stating he had been misled.    R. S. 1899, sec. 655; Ridenhour v. Cable Co., 102 Mo. 270; Miller v. Railroad, 105 Mo. 455; Olmstead v. Smith, 87 Mo. 602; Bank v. Assurance Co., 106 Mo. App. 114.

JOHNSON, J.—This suit is founded upon a demand against the estate of a deceased person.    It was begun in the probate court of Polk county and the demand presented is as follows:

"The estate of A. J. Fender, deceased, To   J.   A. Britian, Dr.
Nov. 20, 1902,

    To $250.00 paid to A. C. Fender to be credited on
        Britian and Fender note at the Polk County
        Bank, which he failed to do..........$250.00
Dec. 25, 1902.
    To money on Frady note ........ ......$112.50"

Other items are included, but the two mentioned are the only ones now in dispute.    No point is made that the demand was not exhibited to the administrator

and court in the manner provided by Revised Statutes
1899, section 188, except in one particular—that it
failed to state the nature of the claims with proper defin-
iteness.  No objection, however, was made to it on this
score, either in the probate court or in the circuit court,
where it was taken on appeal, until after verdict in
favor of plaintiff.  Defendant then, in his motion in ar-
rest of judgment, raised the question of the sufficiency
of the demand to state a cause of action.

The evidence introduced by plaintiff discloses this
state of facts.  Before his death, which occurred April
3, 1903, Fender was a merchant in the town of Brigh-
ton and plaintiff the proprietor of a flouring mill.  They
had various dealings with each other and at times Fen-
der assisted plaintiff in borrowing money for use in the
business of the latter.  Both items in dispute grew out
of transactions of this character.  As to the first men-
tioned, it appears that plaintiff had borrowed five hun-
dred dollars from a bank and given his note therefor,
with Fender as surety.  A few days before the note fell
due, plaintiff handed Fender $250 in money with the
request that it be applied by Fender in partial payment
of the note.  This fact is testified to by one of plaintiff's
sons, who was present, and who states in substance that,
when plaintiff handed the money to Fender, the latter
remarked that he needed that amount for his own use
and suggested that the note be renewed for the sum of
five hundred dollars and, when again due, he (Fender)
would pay half of it.  Plaintiff assented to this and the
note was renewed.  It had not been paid when Fender
died and plaintiff was compelled by the bank to pay it
all.

The second item originated in this manner.  Plain-
tiff borrowed one hundred dollars for use in his busi-
ness from a Mr. Frady, for which he gave his note,
signed by Fender as surety.  When Frady agreed to
loan the money, plaintiff told him that the note would
be left at Fender's store and requested him to call there

for it, and to leave the money with Fender. This, Frady did, and left the one hundred dollars with Fender, who died without accounting to plaintiff for it. Plaintiff was compelled to pay the note held by Frady. Plaintiff recovered judgment in the sum of $354.65, which included $250 on the first item, $100 on the second, and $4.65 on others not in controversy.

The facts detailed are supported by enough evidence to raise an issue of fact for the determination of the jury and were properly submitted in the instructions given by the court, and the judgment must be sustained unless we find that the demand is so vitally defective in its statement of the nature of the claims that it could not be cured by verdict.

Under section 200, Revised Statutes 1899, formal pleadings are not required in the prosecution before the probate court of demands against the estates of deceased persons, but in exhibiting his demand compliance with the following requirements is imposed upon the claimant by the provisions of section 188: The demand must be in writing and must state the amount and nature of the claim with a copy of the instrument of writing or account, upon which the claim is founded. These requisites are all jurisdictional and, if the claimant fails to perform any of them, neither the probate court in the first instance, nor the successive courts to which an appeal may be prosecuted, obtains jurisdiction over the cause. But, to confer jurisdiction, no more is required of the claimant than the identification of his claim, in the exhibition thereof, to the extent that the administrator may be apprised of its amount and origin and thus be enabled to investigate it intelligently and that a recovery upon it may operate as a bar to any other action based upon the same cause. With these purposes accomplished, the court acquires jurisdiction over the demand and, notwithstanding it may be meager and, to some extent, indefinite in statement, if the administrator is satisfied to go to trial upon the merits without first

moving to have it made more definite and certain, he waives all such defects and will not be heard to object to them, especially after verdict. Turning now to the items in the account before us, we cannot adopt the argument of defendant that the first was founded upon the banknote and the second upon the Frady note, and therefore copies of both of these notes should have been given in the demand exhibited. Both items are grounded in assumpsit for money had and received, and neither is evidenced by any instrument in writing. This also disposes of the objection that the instructions given for plaintiff submitted a different cause of action than that pleaded in the demand.

Nor can we agree with the defendant that the statement of the first item fails to disclose its nature. To the contrary, we find it quite definite in this and all other essential respects. It is impossible to conceive that the administrator could have been misinformed or misled by the statement that on Nov. 20, 1902, plaintiff paid Fender $250 to be credited on their joint note at the Polk County Bank, "which he failed to do," and plaintiff hardly could have made the statement more definite without pleading purely evidentiary facts. The second item is not stated so clearly, but we find it contains enough to inform the administrator of the nature of the claim and to prevent any future recovery against the estate on account of the money, which Frady paid to Fender for the use of plaintiff. The statement, "Dec. 25, 1902, To money on Frady note," is, in effect, the assertion that Fender on that date received money belonging to plaintiff on account of that note. By it, the attention of the administrator was focused upon that particular transaction so that by investigation he might fully acquaint himself with its facts. He does not claim to have been misled in any manner, but, after trying the case upon its merits and having his defensive facts considered by judge and jury upon the theory, in which he

116 App.—7

acquiesced, that the issues were fairly presented in the demand, he advanced the belated complaint that the statement was too indefinite to apprise him of the nature of the claim. If he felt the need of further specification, he should have presented a motion therefor before joining issue on the merits. His position now is untenable.

The court admitted in evidence, over the objection of defendant, an entry appearing in an account book charging Fender with the amount of the first item. The book was one of original entry kept by plaintiff at his mill and in connection with that business. It was properly identified, but defendant contends the entry was incompetent as evidence of the fact shown, because the transaction referred to was not one relating to the mill business and, therefore, was improperly entered in the books of that business. The evidence shows the entry was concerned with that particular business of plaintiff, but, if we found otherwise, we, nevertheless, would hold it admissible under the testimony of plaintiff's son, who stated:

"Q. I will ask you if, at any time after that entry was made, if Asa Fender was ever down there at the mill looking around and saw that entry and what he said about it. A. Yes, sir, he was down there. He owed thirty or sixty cents for some meal that Ed White got and he was looking over the book to see if there was anything more—the book was not all posted up—I run my finger down and, when I came to that, he said. 'That is all right; that is different business.' He then went out." Whether the entry should be treated as one properly appearing in a book of original entry or as a mere memorandum, not of itself competent evidence of the fact it purported to record, its exhibition to the person charged and his approval of it invested it with probative value. The judgment is affirmed. All concur.