KANSAS CITY et al., Respondents, v. WM. C. FOR-
SEE, Defendant, Appellant.

**Kansas City Court of Appeals, February 3, 1913.**

1. **REFEREE'S REPORT: Exception to: Must be Filed Within
   Four Days After the Return of the Report.** The motion to set
   aside the referee's report in this case, while so worded as to be
   different in form, was in reality a series of exceptions to the
   report, and having been filed long out of time was properly
   overruled.

2. **APPELLATE PRACTICE. Equity Case: Entire Evidence.** In
   the absence of some of the evidence in an equity case, the ap-
   pellate court will not pass on the question whether, upon the
   evidence, the court erred in modifying the referee's report.

3. **REFEREE'S REPORT: Right to Modify.** The right of a court
   of equity to modify a referee's report, especially when the court
   has before it all the evidence upon which the referee's report
   is based, is too well settled to require discussion.

4. **JUDGMENT: Satisfaction: Interest.** Appellant had two judg-
   ments but was entitled to but one satisfaction, the judgments
   being for the same services. *Held*, that when appellant received
   satisfaction of one judgment in full with interest, the full
   amount received, including the interest, was properly credited
   on the other judgment, as of the date it was collected. Such
   credit should not be for the face of the judgment merely, since
   appellant would be no more entitled to receive interest twice
   for the same time than he would to collect the principal twice.

Appeal from Jackson Circuit Court.—*Hon. Thos. J.
Seehorn*, Judge.

AFFIRMED.

*Samuel P. Forsee* for appellant.

*Edward P. Garnett* for respondents.

TRIMBLE, J.—In June, 1900, Kansas City con-
demned certain land to be used in creating Penn Val-
ley Park. In that proceeding, $28,762 was awarded
M. S. C. Donnell for land owned by him upon which

were several deeds of trust held by the Citizens' National Bank. Donnell owed other creditors and they were all trying to get their claims paid out of the above fund. The said bank, on February 15, 1901, brought suit to impound the money awarded Donnell, to restrain the city from paying it out and to have its claims adjudged superior to all others. Donnell and all claimants were made parties defendant with the city. April 10, 1901, the city brought a bill of interpleader against Donnell, the bank and all the other claimants, deposited the fund in court and prayed that they be required to interplead. To this all parties appeared and set up their several claims. Among them, the defendant William C. Forsee, on October 26, 1901, filed his answer and cross-bill against Donnell alleging an indebetedness due the former of $5441 for attorney fees in many matters therein specified. Donnell answered denying liability.

The two suits above referred to were consolidated; and on January 15, 1902, the court, by agreement of all parties, referred the cause to Mr. J. V. C. Karnes to hear and decide the whole issue and report. While the referee was hearing the various claims, Forsee and Donnell on February 19, 1902, entered into a written stiuplation wherein it was agreed that Forsee was entitled to recover $4500 from Donnell, and *that the referee should render judgment in favor of Forsee and against Donnell for said sum*; and that the judgment for $3792.90 in the case of Forsee v. Catherine E. Donnell, rendered January 19, 1901, is for a portion of the same services and claim for which judgment is herein stipulated, the agreement in no way to affect Forsee's right to all legal remedies on said judgment against Catherine E. Donnell.

This stipulation was presented to the referee, but it is not exactly clear from the record presented to us just what action the referee took upon it at that time, except that, in a preliminary report, he must have

either found that Forsee was entitled on said stipulation to an allowance in his favor of $4500, or treated it as having been allowed. Because, on December 31, 1902, the court overruled exceptions filed by Donnell and his wife to a preliminary report, and ordered, among other things, a payment to Wm. C. Forsee of $250 "on account of the amounts due said parties by M. S. C. Donnell." Again, on January 9, 1902, the court, upon another preliminary report of the referee, and upon the evidence taken before the referee, ordered $150 paid to Forsee, and, June 25, 1907, made a similar order for $93.54 to be paid him.

The judgment against Catherine E. Donnell for $3972.90 mentioned in the stipulation above referred to, was obtained by Forsee in a suit instituted by him in December, 1899, against M. S. C. Donnell and Catherine E. Donnell, in which suit he dismissed as to M. S. C. Donnell, and judgment for that sum against Catherine E. alone was rendered in January, 1901. In the cross-bill against Donnell, in the case before the referee, Forsee specifically alleges that Donnell and his wife, Catherine E., are jointly and severally liable for the fees sued for, and that Donnell was jointly liable with his wife for all the fees demanded in the suit against her.

The referee filed his *final* report May 18, 1903, in which he found that this judgment against Catherine E. Donnell for $3792.90 was fully paid and satisfied of record and that Forsee received thereon the sum of $4054.81 March 13, 1902. And the referee, upon evidence taken and admissions made before him, construed the above stipulation to mean that the Catherine E. Donnell judgment was for the same services as the $4500 stipulation and that said judgment, when paid, should be credited on said $4500 judgment. Said referee, therefore, credited said latter judgment with the amount received on the former and also with the amounts theretofore paid Forsee

under decretal orders of the court, and reported that Forsee was entitled to recover the sum of $269.47 with 6 per cent from February 2, 1903, until paid. This action of the referee was based not only upon the wording of the stipulation but also upon evidence taken in reference to the whole matter, which evidence was preserved in written form and attached to and filed with his final report. Two days after the filing of the referee's final report, Donnell filed exceptions to the referee's finding that $269.47 was still due Forsee, claiming in said exceptions that only $63.19 was due him and tendering said amount to him. *Forsee filed no exceptions,* and the cause stood on Donnell's exceptions to the report from May 20, 1903, until April 1, 1910, a period of nearly seven years, at which date the court took up the question of passing upon the Donnell exceptions and the disposition to be made of said final report. (It may be well to state in passing that the reason the case stood thus so long was that it was awaiting the settlement of different branches of the controverties between Donnell and his creditors in the Supreme Court of Missouri and the Supreme Court of the United States.) During this lapse of time Donnell died but the cause was properly revived against his administrators who are really the only respondents now interested in this case. When the court in April, 1911, took up the referee's final report, the defendant Forsee, *for the first time in any way,* attacked said report by filing a motion to set aside said report, so far as it affected him, and also a motion for judgment on the stipulation filed before the referee. The court overruled both of these motions, took up the Donnell exceptions to said report as to its finding that $269.47 was yet due Forsee, and modified said report so as to find only $16.30 yet due him and rendered judgment in his favor and against the estate of M. S. C. Donnell for that amount. Whereupon appellant perfected an appeal to this court, alleging as

error the action of the court in overruling his motion
for judgment on the stipulation, and in overruling his
motion to set aside the referee's report as to appel-
lant's claim. Error is also claimed because the court
sustained Donnell's exceptions to the report, because
it modified the referee's report and entered judgment
thereon as modified, because it refused to enter the
judgment prayed for by appellant, because it did not
correctly compute the amount due appellant, and be-
cause it credited the $4500 judgment with the full
amount received on the Catherine E. Donnell judg-
ment. But these assignments are either untenable
on their face or else cannot be considered by the ap-
pellate court for reasons appearing hereafter.

The motions to set aside the referee's report and
to render judgment on the stipulation filed with the
referee are in the nature of exceptions to the report.
While they are so worded as to be different in form,
yet this is what they really are. As such, they were
not filed in time. The statute requires them to be
filed within four days after the return of the report.
[sec. 2012, R. S. 1909; Berry v. Rood, 209 Mo. 1. c.
673, and many other cases.] But the case need not be
disposed of on such a cold and heartless technicality.
The referee was appointed for the very purpose of
ascertaining the exact amount due each claimant so
that it could be paid out of the fund in the hands of
the court. The stipulation did not withdraw appel-
lant's claim from the referee. On the contrary, it
provided that, "The referee shall render judgment in
favor of said William C. Forsee and against said M.
S. C. Donnell for the said sum of $4500 and the costs."
Nor was the referee tied hand and foot so that he
could not go outside of the stipulation, after allowing
the $4500, to find out what sums were thereafter re-
ceived thereon so as to be able to tell the court the
precise amount finally to be paid appellant out of the
fund. He heard evidence in regard thereto, which was

preserved and returned to the court for its considera-
tion in passing upon the report. It is urged that we
cannot know this fact since the testimony before the
referee is not preserved in the bill of exceptions. This
may be true so far as our ability to examine that evi-
dence is concerned. But, while the evidence is not
preserved in the record before us, the fact that it was
taken and considered both by the referee and the trial
court, is shown in the record. And this is one answer
to the contention that the court erred in modifying
the report and rendering judgment on the report as
modified, since, in an equity case we cannot determine
that question unless the evidence on which the court's
action was based is shown. ·[Pitts v. Pitts, 201 Mo.
359; Construction Co. v. Westen, 153 Mo. App. 185.]

But even if it were the law that, in this kind of an
equity case, the referee could not go outside of the
stipulation to find what was in fact due appellant, still
we think the stipulation contains enough on its face
to require him to ascertain whether any sum had been
received on the Catherine E. Donnell judgment and to
credit that sum on the $4500 before reporting to the
court what amount should be finally paid appellant
out of the fund. At any rate the claim was presented
to the referee in order that he might pass thereon and
direct what amount should be paid appellant of the
fund in court. The referee took the stipulation at its
face, $4500, ordered various payments at different
times to be made thereon to appellant, which were ac-
cepted by him without question, heard evidence as to
other payments thereon, and then determined the final
amount due appellant and so reported to the court.
The appellant made no objection nor filed any excep-
tions thereto whatever until years after when the party
against whom he is proceeding is dead and the fund
has been practically paid out. Then appellant files
motions attacking the report as being erroneous and
also because the referee had no power to hear or pass

upon appellant's claim in the first place. We think that under all the circumstances the chancellor did right in overruling the motions.

The other assignments of error, except two, are not contained in the motion for new trial and hence are not before us for consideration. Even if they were in the motion for new trial, owing to the absence from the record of the evidence on which the court's action was based, some of them could not be dealt with by us as hereinabove stated. The two errors remaining relate to the modification of the referee's report on Donnell's exceptions and to the rendition of judgment on said report as modified. It is claimed that they are properly before us because they appear upon the face of the record. But when it is remembered that this is a suit in equity, the chancellor's right to correct the findings of the referee on the evidence as reported, and to enter a decree on the facts as found, is too well settled to require discussion. [O'Neill v. Capelle, 62 Mo. 202.] The complaint that the court did not correctly compute the amount due even on the facts found by it, is based on the contention that, even if the judgment against Catherine E. Donnell should be credited on the $4500, still it should be credited only with the face thereof and not with the judgment *and interest* received. Appellant had two judgments but was entitled to but one satisfaction since they were both for the same services. It would seem that he would be no more entitled to receive interest twice for the same time than he would to collect the principal twice.

The judgment is affirmed. All concur.