FRANZ v. BUDER et al.

No. 6682.

United States District Court
E. D. Missouri, E. D.

July 23, 1946.

Decree Modified April 19, 1949.

See also 8 Cir., 38 F.2d 605; 82 F.Supp. 379.

Jesse T. Friday, of St. Louis, Mo., and E. J. Doerner, of Tulsa, Okl., for remaindermen and others.

Samuel H. Liberman, of St. Louis, Mo., for Mississippi Valley Trust Co.

Luther Ely Smith and G. A. Buder, Jr., both of St. Louis, Mo., for defendants G. A. Buder and others.

Arthur U. Simmons, of Clayton, Mo., as Administrator of Estate of Gustav A. Franz.

MOORE, District Judge.

This cause having heretofore come on to be heard upon the report of Ernst and Ernst filed in this cause on the 25th day of August, 1942, and upon the exceptions to said report of Johanna F. Fiske, Amanda Wheeler, Otto B. Franz and Adelaide Zimmermann and Ehrhardt D. Franz, remaindermen, and of Carl F. Koch and John M. Bryant, executors of the Estate of Henrietta A. Holdoway, deceased, substituted in lieu of said Henrietta A. Holdoway, and having been submitted upon the pleadings, the evidence and proof adduced and the briefs of counsel, the Court having duly considered the same, makes the following findings of fact and states the following conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, 28 U.S. C.A.:

Findings Of Facts.

1. That the property of the Estate of Ehrhardt D. Franz, other than so much thereof as has been lawfully distributed to the remaindermen under the will of said Ehrhardt D. Franz, deceased, is in the custody and control of this Court and in the course of administration by this Court.

2. That on or about November 28, 1926, the exceptors Johanna F. Fiske, Amanda Wheeler, Otto B. Franz, Henrietta A. Holdoway and Adelaide Zimmermann, employed G. A. Buder and Oscar E. Buder, comprising the law firm of Buder and Buder, to represent them in this litigation for the purpose of protecting their respective remainder interests in the Estate of Ehrhardt D. Franz, deceased; that none of said exceptors were persons skilled in the practice of law; and that they relied upon said law firm of Buder and Buder to protect their remainder interests in said litigation; that said firm of Buder and Buder, at the same time represented G. A. Buder and G. A. Franz, trustees of Sophie Franz, as well as the life tenant, Sophie

Franz; that the interests of said trustees and the life tenant, Sophie Franz, were, in fact, adverse to the remainder interests of said exceptors in said litigation; that beginning with and immediately after the creation of the trust agreement of January 30, 1909 the trustees followed a course of conduct having for its purpose the destruction of the remainder interests of the exceptors and others similarly situated; that at no time did said G. A. Buder, and said Buder and Buder advice said exceptors of the adversity of said interests or advice them to secure other counsel; that it was the duty of said G. A. Buder, and said Buder and Buder, as attorneys for said exceptors to have filed exceptions on behalf of said exceptors to items of credit improperly claimed by said trustees, and to the improper disposition of funds and property constituting part of the corpus of said Estate of Ehrhardt D. Franz, as set forth in the report of said trustees, dated June 22, 1931, as amended, and filed in this cause; that no exceptions were filed on behalf of said exceptors by said G. A. Buder and Buder and Buder, as attorneys for said exceptors, thus permitting said report to be approved by the Court, without objection on the part of said Buder and Buder, and contrary to the interests of said exceptors; that at the time of the hearing on said report, by the Court, the interests of said trustees and Buder and Buder were adverse and antagonistic to the interests of said exceptors; that as a result of such adversity of interests there was no adversary hearing on said report, as far as the exceptors were concerned; that the exceptors, Johanna F. Fiske, Amanda Wheeler, Otto B. Franz, Henrietta A. Holdoway and Adelaide Zimmermann, are competent to attack the orders of the Court dated April 1, 1932, by reason of the non-adversary character of their representation, as aforesaid, at the hearing resulting in said orders of the Court of April 1, 1932.

3. That G. A. Buder and G. A. Franz, trustees have never been discharged as such.

4. That on or about December 18, 1926, G. A. Buder and G. A. Franz, as trustees, received from the Burroughs Adding Machine Company, of Detroit, Michigan, the sum of $826,875 being the proceeds of the redemption of 7,875 shares of the preferred stock of said Burroughs Adding Machine Company, and said sum so received by said trustees, was an asset constituting part of the corpus of said Estate of Ehrhardt D. Franz.

5. That on January 1, 1927, said trustees credited the sum of $100,795.46, taken from the said sum of $826,875 belonging to the corpus of the Estate of Ehrhardt D. Franz, to themselves as trustees for Sophie Franz, the life tenant, in alleged payment of alleged advancements made by Sophie Franz prior to January 30, 1909, to the remaindermen under the will of said Ehrhardt D. Franz.

6. That the evidence does not establish an intent upon the part of Sophie Franz to create an indebtedness in her favor and against the Estate of Ehrhardt D. Franz, or against the remaindermen under the will of Ehrhardt D. Franz, for the said sum of $100,795.46, and that said amount so distributed by Sophie Franz was not a loan and was not, on January 1, 1927, an indebtedness of the Estate of Ehrhardt D. Franz, or of the remaindermen under his will.

7. That the claim, if any, of Sophie Franz, to recover, as a loan or upon any other ground, the sum of $100,795.46, distributed by her to the remaindermen under the will of Ehrhardt D. Franz, deceased, prior to January 30, 1909, was not transferred by Sophie Franz to G. A. Buder and G. A. Franz, trustees, under the trust agreement of January 30, 1909, and that said claim, if any, was never a part of the property or assets conveyed by Sophie Franz to said trustees under said trust conveyance.

8. That the trustees are not entitled to credit for the payment out of the funds of the Estate of Ehrhardt D. Franz, deceased, of the said sum of $100,795.46, and that said credit is disallowed and the trustees surcharged with the said amount and interest thereon from April 15, 1930, the day after the date of the death of the life tenant, Sophie Franz, at the rate of 6% per annum.

9. That the charges against the distributive shares of the remaindermen for ad-

vancements are proper only to the extent of $36,704.54, representing cash from the Estate of Ehrhardt D. Franz, deceased.

10. That the charges against the distributive shares of the remaindermen of the Estate of Ehrhardt D. Franz, deceased, for loans of money made to them from the corpus of the Estate of said Ehrhardt D. Franz, deceased, and evidenced by notes of said remaindermen to the trustees, signed by the several remaindermen are proper.

11. That on January 7, 1920, the trustees had received and were in possession of 12,-600 rights to subscribe for shares of stock of Burroughs Adding Machine Company, having a value of $75 per right; that said rights belonged to and constituted part of the corpus of the Estate of Ehrhardt D. Franz; that on said date the trustees induced and caused the remaindermen, under the will of Ehrhardt D. Franz, deceased, to enter into an agreement with the trustees, under which the trustees were to retain, as an alleged commission on the distribution of said rights to said remaindermen, 600 rights having a total value of $45,000, that G. A. Buder, one of the trustees was at said time a member of the firm of Buder and Buder, who represented the said trustees, the said remaindermen and the life tenant, Sophie Franz; that said trustee and his law firm represented to the said remaindermen that the trustees were entitled to the payment of a commission upon the distribution of said rights, payable out of said rights; that no commission was, in fact or in law, due or payable to the trustees on account of the distribution of said rights; that the interests of the remaindermen and the trustees were adverse to each other; that the remaindermen were not represented by independent counsel at the time they entered into said agreement, but relied upon the representations made to them by G. A. Buder, and by the firm of Buder and Buder, who purported to act for the said remaindermen; that it was the duty of G. A. Buder and of Buder and Buder to advise the said remaindermen that the trustees were not entitled to receive any commission in connection with said distribution, and to safeguard the rights and interests of said remaindermen and that G. A. Buder and said Buder and Buder failed to discharge their said duty; that the consent of the remaindermen to said retention by the trustees of 600 rights, as an alleged commission, was the result of their misapprehension of their legal rights occasioned by the acts of G. A. Buder and of Buder and Buder, as aforesaid; that the trustees have taken credit for the payment of $45,000, as a commission on the distribution of said rights and that said credit should be disallowed and the trustees surcharged with the sum of $45,000 on account thereof.

12. That heretofore, under date of April 1, 1932, an order was entered in this cause allowing the trustees a credit of $115,000 against the remainder interests of the Estate of Ehrhardt D. Franz, deceased, on account of legal services of Buder and Buder, claimed to have been rendered by them in this cause as attorneys for the trustees; that at the time said credit was claimed, at the time the hearing was had thereon, and at the time said order was entered, G. A. Buder and the firm of Buder and Buder were the attorneys for and purported to represent the exceptors, Johanna F. Fiske, Amanda Wheeler, Otto B. Franz, Adelaide Zimmermann and Henrietta A. Holdoway, and were at the same time the attorneys for said trustees; that the services rendered by said attorneys were not, in fact rendered for, or in behalf of, or in the interest of said Johanna F. Fiske, Amanda Wheeler, Otto B. Franz, Adelaide Zimmermann and Henrietta A. Holdoway, but were, in fact, adverse and detrimental to the interests of said Johanna F. Fiske, Amanda Wheeler, Otto B. Franz, Adelaide Zimmermann and Henrietta A. Holdoway; that it was the duty of G. A. Buder, and Buder and Buder to oppose the allowance of any fees payable out of the remainder interests in the Estate of Ehrhardt D. Franz, deceased, on account of said services which were adverse and detrimental to said remainder interests; that said G. A. Buder, and Buder and Buder, did not advise exceptors Johanna F. Fiske, Amanda Wheeler, Otto B. Franz, Adelaide Zimmermann and Henrietta A. Holdoway, that the said services so rendered to the trustees were adverse and detrimental to the interests of said Johanna

F. Fiske, Amanda Wheeler, Otto B. Franz, Adelaide Zimmermann and Henrietta A. Holdoway, as it was their duty to do; that the said remainder interests were not chargeable with the payment of fees for any services rendered to the trustees for the life tenant, and it was the duty of G. A. Buder, and Buder and Buder to advise the said remaindermen of their rights; that at the time the trustees claimed credit for the allowance of a fee to Buder and Buder, and at the time of the hearing thereon the said firm of Buder and Buder, with the knowledge of the trustees, had entered into an agreement with the exceptors and G. A. Franz, et al, (sometimes referred to as the six and two-thirds interests) under which, said Buder and Buder were to receive from them individually $100,000 on account of legal services, alleged to have been rendered to said six and two-thirds interests in this litigation; that any services rendered, or alleged to have been rendered, in this litigation to said six and two-thirds interests were so closely related to and connected with the services alleged to have been rendered to the trustees in the same litigation as to require the trustees and their counsel to disclose to the Court the existence of the agreement made by said counsel with said six and two-thirds interests for the payment of said fee of $100,000 in connection with the credit sought for services rendered to said trustees by Buder and Buder; that the trustees and Buder and Buder failed to disclose the existence of such agreement; that prior to the order of April 1, 1932, and during the month of December, 1931, the said sum of $100,000 was paid by the said six and two-thirds remainder interests to Buder and Buder, and that said payment was known to the trustees and that neither the trustees nor Buder and Buder advised the Court prior to April 1, 1932, that Buder and Buder had received $100,000 for services rendered in this litigation; that by reason of the foregoing facts the trustees are not entitled to a credit of $115,000 on account of services alleged to have been rendered by Buder and Buder to the trustees and that such credit is disallowed and the trustees are surcharged with said sum of $115,-000.

13. That the trustees have permitted funds belonging to the Estate of Ehrhardt D. Franz, deceased, to be commingled with the funds of Buder and Buder, a law firm in which trustee G. A. Buder is a partner; that interest on the funds of the Estate of Ehrhardt D. Franz, so commingled, at the rate of 6% per annum, amounts to $14,671.-14 and the trustees are surcharged accordingly.

14. That there was not sufficient evidence showing that the trustees had, or should have had, any knowledge that would allow said trustees to foresee the failure of the Scruggs, Vandervoort and Barney Bank in 1933, or that they acted wrongfully in depositing therein funds of the Estate of Ehrhardt D. Franz.

15. That the Exception of Ehrhardt W. Franz, relating to payment of personal property tax, is not well taken, because the evidence failed to show, with sufficient clarity, that said tax was anything more than a normal expense in the administration of said estate, for which the share of said Ehrhardt W. Franz is liable.

16. That the Exception of Ehrhardt W. Franz, relating to interest on his distributive share is not well taken because it appears that the delay in distribution was occasioned by the necessity for adjudication of numerous matters pertaining to the estate, rather than by malice or negligence on the part of the trustees.

17. That the amounts surcharged against the trustees and the credits disallowed constitute assets and property of the Estate of Ehrhardt D. Franz, belonging to the ten remaindermen under the will of said Ehrhardt D. Franz, in equal shares, and that each of said remaindermen is entitled to share equally in the benefits thereof.

Conclusions of Law.

From the foregoing findings of fact the Court concludes, as a matter of law:

A. That the Court has retained jurisdiction of the res in this cause and that the orders of the Court of April 1, 1932, are subject to modification on a proper showing by competent parties; that exceptors, Johanna F. Fiske, Amanda F Wheeler, Otto B. Franz, Adelaide Zimmermann and

Henrietta A. Holdoway are competent to attack the orders by reason of the non-adversary character of their representation at the original hearing on the report of the trustees of June 22, 1931, as amended; and that the orders of April 1, 1932, should be modified and vacated in accordance with the findings of fact, conclusions of law and the decree of the Court this day entered.

B. That the plaintiff, Ehrhardt W. Franz, the defendant, Mississippi Valley Trust Company, administrator c. t. a. of the Estate of Ernst H. Franz, and Mississippi Valley Trust Company, administrator c. t. a. of the Estate of Walter G. Franz, are not precluded from sharing the benefits inuring to the Estate of Ehrhardt D. Franz, and are entitled to receive their respective distributive shares of the assets found by the Court to constitute the corpus of the Estate of Ehrhardt D. Franz.

■ C. That the charges of the trustees against the remaindermen of the Estate of Ehrhardt D. Franz, for advancements are proper only to the extent of $36,704.54, and to said extent are allowed.

D. That the charges of the trustees against the remaindermen of the Estate of Ehrhardt D. Franz, for alleged advancements are improper to the extent of $100,795.46, and are disallowed in said sum.

E. That the trustees be surcharged with the above mentioned sum of $100,795.46, together with interest thereon at the rate of 6% per annum from April 15, 1930.

F. That the charges of the trustees against the distributive shares of the remaindermen of Ehrhardt D. Franz, for loans of money, belonging to the corpus of the Estate of said Ehrhardt D. Franz, and evidenced by notes to the trustees, signed by the several remaindermen, are proper and said charges are hereby allowed.

■ G. That the commissions of 600 rights to subscribe for shares of stock of the Burroughs Adding Machine Company, of the value of $45,000, retained by the trustees on the distribution of such stock rights were illegally charged against the remaindermen of the Estate of Ehrhardt D. Franz, and said commissions are disallowed and the trustees are hereby surcharged with said sum of $45,000.

■ H. That the trustees' claim for credit of $115,000 attorneys' fees charged against the interests of the remaindermen is hereby disallowed and set aside and that the trustees are hereby surcharged in said sum of $115,000.

■ I. That the remaindermen of the Estate of Ehrhardt D. Franz are entitled to legal interest on funds commingled with the funds of Buder and Buder, and that the total amount of said interest is $14,671.14, and that the trustees are hereby surcharged in said sum.

J. That the exceptions of Ehrhardt W. Franz and Otto B. Franz pertaining to losses sustained by them by reason of the failure of the Scruggs, Vandervoort and Barney Bank, in 1933 are hereby overruled.

K. That the exception of Ehrhardt W. Franz, relating to the payment of personal property tax is overruled.

L. That the exception of Ehrhardt W. Franz, relating to interest on his distributive share, is overruled except as to interest herein allowed by the Court.

M. That the amounts surcharged against the trustees, and the credits disallowed constitute assets and property of the Estate of Ehrhardt D. Franz, belonging to the ten remaindermen under the will of said Ehrhardt D. Franz in equal shares, and that each of said remaindermen is entitled to share equally in the benefits thereof.

N. That except as modified herein the report of Ernst and Ernst dated August 15, 1942, filed in this cause should be approved.

Accordingly, the Court directs the entry of the appropriate order and decree under the foregoing findings and conclusions, pursuant to Rule 52 aforesaid.