245 S.W.2d 1 (1952)
In re FRANZ' ESTATE.
No. 42369.
Supreme Court of Missouri, Division No. 1.
January 14, 1952.
*2 G. A. Buder, Jr., Fred J. Hoffmeister and Tralles, Hoffmeister & Gilpin, St. Louis, for appellants.
Henry A. Baker, administrator ad litem of respondents Johanna F. Fiske and others, Jesse T. Friday, St. Louis, E. J. Doerner, Tulsa, Okl., for respondents.
DALTON, Judge.
This is an appeal from a judgment of the Circuit Court dismissing, with prejudice, for want of jurisdiction the demands of appellants for compensation for legal services and for reimbursement of funds advanced and expended, as originally filed in the Probate Court of the City of St. Louis, against the estate of Sophie Franz, deceased.
The demands were filed May 14, 1931. The notice of demands and acknowledgment of service is dated May 1, 1931. The notice stated that appellants would, at the time therein mentioned, "present to said court for allowance against the Estate of Sophie Franz, deceased, two demands for the sums of Two Hundred Ten Thousand Dollars ($210,000.00) and Two Thousand Six Hundred Eighty-six Dollars and Eighty-seven cents ($2,686.87), respectively, the former founded upon an agreement and the latter on an open account, the particulars of which are duly set forth in the annexed petition."
The petition, in part, stated: "Now come G. A. Buder and O. E. Buder, co-partners engaged in the practice of law in the City of St. Louis, Missouri, under the firm name of Buder and Buder, and respectfully show to the Court that they acted as the attorneys and legal advisors of Sophie Franz during her lifetime, and for G. A. Franz and G. A. Buder, Trustees under a certain trust conveyance made by said Sophie Franz, dated January 30, 1909, all in accordance with the terms of said trust conveyance. That on March 5, 1924, in the City of St. Louis, Missouri, Ehrhardt W. Franz, a son of said Sophie Franz, and one of the heirs and legatees under the will of Ehrhardt D. Franz, deceased and one of the beneficiaries under the said trust agreement of January 30, 1909, filed a suit in the United States District Court for the Eastern Judicial District of Missouri, against said Sophie Franz and G. A. Franz and G. A. Buder, Trustees, and others, said cause being entitled *3 E. W. Franz v. G. A. Buder et al., No. 6682 in Equity, 82 F.Supp. 379; 82 F.Supp. 388.
"That under the terms and authority contained in said trust agreement, the said Sophie Franz and the said Trustees engaged the said firm of Buder and Buder to represent them, and such other beneficiaries under the terms of said trust agreement as were not represented by other counsel or attorneys in said suit of E. W. Franz, and the subsequent litigation that followed. That the services rendered by said Buder and Buder in said suit and litigation included appearances in Court, preparation of pleadings, representation, advice, counsel filing of briefs and rendering of sundry other legal services in the following suits, proceedings, appeals, hearings, trials and appearances in connection therewith as follows, to-wit:" (Italics ours.) (Some twenty-three cases, hearings and motions are then listed.) The petition proceeds: "That the services so rendered by said firm of Buder and Buder beginning on the fifth day of March, 1924, up to and including the fourteenth day of April, 1930, and subsequent thereto insofar as the said proceedings affected the Estate of Sophie Franz, deceased, were and are reasonably worth Two Hundred Twenty-five Thousand Dollars ($225,000.00); that said firm has been paid the sum of Fifteen Thousand Dollars on account of said services, and that there remains due and owing to said firm on account of said services in such litigation, a balance of Two Hundred Ten Thousand Dollars ($210,000.00), for which amount judgment is prayed.
"Your petitioners allege, however, that it is their intention to allow as offsets and credits against the total herein claimed (and any judgment that may be hereafter rendered on said claim), any sums that may be ordered paid to the firm, by the United States District Court of the Eastern Judicial District of Missouri, as attorneys' fees on behalf of said Sophie Franz, or said G. A. Franz and G. A. Buder, Trustees, in passing upon various and divers motions and petitions now pending before it, the filing of this claim and demand being merely a precautionary measure, so that it will not be held that their claim shall have been barred or foreclosed in the event said United States District Court should make no allowance, order or ruling respecting attorneys' fees in the matters now pending before it.
"And, as an additional claim the said firm of Buder and Buder respectfully represents that it has laid out and expended on behalf of said Sophie Franz, during her lifetime, various sums of money, and has also received and credited to her account various other sundry sums of money, all done at her instance and request, and as her attorneys and fiscal agents, all as more fully appears in an itemized statement and open account hereto attached and marked Exhibit A.
"That * * * Sophie Franz was, at the time of her death, indebted to these claimants for outlays, in the sum of Two Thousand Six Hundred Eighty-six Dollars and Eighty-seven Cents ($2,686.87), which remains due and owing to them, and for which amount they also pray judgment against the Estate of said deceased." (Italics ours.)
Exhibit A lists detailed outlays and credits and shows a net balance of $2,686.87 due Buder and Buder for which amount the claim is presented.
Motions to dismiss the demands for want of jurisdiction were filed in the Probate Court and sustained. Claimants appealed to the Circuit Court where motions to dismiss for want of jurisdiction were again filed and were overruled on June 4, 1945. Thereafter, on December 2, 1949, new joint motions to dismiss were filed.
The grounds stated in the motion to dismiss the first demand were: (1) That it appears on the face of the notice of said alleged demand and upon the face of the petition attached thereto, that the demand is founded upon an instrument of writing, to-wit, a certain conveyance in trust executed by Sophie Franz, dated January 30, 1909; that a copy thereof was not filed with the demand within the period allowed by the special statute of limitations or nonclaim; and that no valid demand was ever filed against the estate, and the court has no jurisdiction, on appeal, to hear, determine *4 or allow the alleged demand. (2) That the demand originally filed in the probate court did not state a claim upon which relief could be granted for the reason that the demand shows upon its face that it is conditional and contingent upon a similar demand for compensation in litigation pending in the federal court. (3) That the demand "shows upon its face that it involves a charge or claim by the claimants as attorneys for the trustees, against the trust estate of Sophie Franz, and involves an accounting and settlement of said trust estate between the trustees thereof and the executor of the estate of Sophie Franz, deceased, all of which are matters within the exclusive jurisdiction of a court of equity * * *." (4) "Because said alleged demand of claimants does not state a claim upon which relief can be granted." The motion to dismiss the second demand stated the ground therefor, as follows: "That said demand does not state a claim upon which relief can be granted." These motions were sustained, October 1, 1950, "for want of jurisdiction" and the demands were dismissed with prejudice.
Appellants contend that the court erred in sustaining the motions and dismissing the demands. Appellants say that the first demand stated a claim in quantum meruit for compensation for the reasonable value of the legal services rendered the decedent, Sophie Franz, in her lifetime; that the claim is not founded on a written instrument; that the statutes relied on by respondents are not applicable; that the demand, as filed in the probate court, is not to be judged by the strict rules of pleading as applied to pleadings in the circuit court; and that the demand is neither conditional, nor contigent, nor one cognizable in equity. Appellants insist that the second demand stated a claim for the recovery of monies paid out and expended on behalf of the same decedent; and that both demands are in every way sufficient.
With reference to the first demand, respondents say that "nowhere in appellants' claim, as originally filed in the probate court, is it alleged or asserted that the services for which compensation is claimed were rendered at the instance and request of the deceased Sophie Franz, deceased"; that the claim shows on its face that appellants "acted as legal advisors to G. A. Buder, et al., trustees, and to the deceased, "all in accordance with the terms' of the trust conveyance made by Sophie Franz on January 30, 1909; that appellants were `engaged' to represent such persons in the litigation enumerated in the claim pursuant to both the terms and authority contained in said trust agreement"; that "the obligation, if any, to pay for such services under the circumstances was upon the trustees and the trust estate, and not upon Sophie Franz, or upon her estate after her death"; that the "expenses, including attorney fees, incurred pursuant to the `terms and authority' of a nontestamentary trust can be allowed only in a court of equity upon proper accounting by the trustees"; that, since the services, if rendered to Sophie Franz during her lifetime, were under the terms and authority contained in the trust agreement, failure to file a copy of such trust agreement or conveyance was fatal to the jurisdiction of the Probate Court to hear and determine the claim; that the claim shows on its face it was filed as a precautionary measure and is conditional, contingent and not one running to certain maturity; that "while the rules of pleading in probate matters are not strict and amendments are permitted, a claim, after the expiration of the statutory period of limitations cannot be amended, by deletion or otherwise, so as to become a legal demand or state a cause of action for the first time"; and that the probate court had no jurisdiction to hear and determine appellants' claim and the circuit court acquired none on appeal.
It is well settled that "a demand filed in a probate court is not to be judged by the strict rules of pleading applied to a petition in the circuit court. Such a demand is sufficient if it gives reasonable notice to the adverse party of the nature and extent of the claim made, and if it be specific enough so that a ruling thereon will become res judicata of the matters involved." In re Thomasson's Estate, 346 Mo. 911, 144 S.W.2d 79, 81; Whitworth *5 v. Monahan's Estate, Mo.App., Ill S.W.2d 931, 933. No formal pleadings are required in the presentation of demands in the probate court, nor on an appeal to the circuit court. In re Kaimann's Estate, 360 Mo. 544, 229 S.W.2d 527, 529; Rassieur v. Zimmer, 249 Mo. 175, 180, 155 S.W. 24; Murphy v. Pfeifer, Mo.App., 105 S.W.2d 39, 41.
Section 464.280 (all references are to RSMo 1949, V.A.M.S., unless otherwise stated) provides that the probate court "shall hear and determine all demands in a summary way without the form of pleading, and shall take evidence of competent witnesses or other legal evidence * * *." Further, Sec. 467.090 provides that, in case of appeals, the court having appellate jurisdiction "shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the probate court."
Clearly the Legislature intended to make it easy for persons not learned in the law to present their demands against estates in the probate court and on appeal in the circuit court without being held to technical formalities and rules. Our courts have steadfastly refused to narrow the construction or restrict the application of the statutes cited. Liebaart v. Hoehle's Estate, Mo.App., Ill S.W.2d 925, 928; Guthrie v. Fields, Mo.App., 299 S.W. 141, 143. We must examine the demands in question in the light the statutes mentioned and well established rules of law referred. However, if a demand, in the form originally filed, is wholly insufficient, it cannot be amended after the expiration of the statutory period of limitations so as to avoid the statute of non-claim. Russell v. Nelson, 317 Mo. 148, 295 S.W. 118, 122; Arpe v. Mesker Bros. Iron Co., 323 Mo. 640, 641, 19 S.W.2d 668, 670. Further, if the demand is wholly insufficient, the probate court acquires no jurisdiction to hear and determine the claim and the circuit court will acquire none on appeal. Abernathy v. Moore, 83 Mo. 65 69; State ex rel. Townsend v. Mueller, 330 Mo. 641, 51 S.W.2d 8, 13; In re Ermeling's Estate, Mo.App., 131 S.W.2d 912, 915.
As shown, the first demand recited that appellants were copartners engaged in the practice of law, and that "they acted as the attorney and legal advisors of Sophie Franz during her lifetime." The demand further stated that they acted as attorneys and legal advisors "for G. A. Franz and G. A. Buder, Trustees, under a certain trust conveyance made by said Sophie Franz, dated January 30, 1909, all in accordance with the terms of said trust conveyance." The closing clause, in view of the use of the comma after the word "lifetime" and the prior use of the words "and for," does not necessarily mean that they acted as attorneys and legal advisors of Sophie Franz during her lifetime, "all in accordance with the terms of said trust conveyance." Further, the demand recites that the action instituted on March 5, 1924 was against both Sophie Franz and the said trustees. The allegation that appellants acted for both Sophie Franz and the said trustees does not adversely affect the claim of appellants against the estate of Sophie Franz, deceased, for legal services rendered to Sophie Franz in her lifetime. The further statement, "that under the terms and authority contained in said trust agreement, the said Sophie Franz and the said trustees engaged the said firm of Buder and Buder to represent them, and such other beneficiaries under the terms of said trust agreement as were not represented by other counsel or attorneys in said suit of E. W. Franz, and the subsequent litigation that followed", introduces some ambiguity. Regardless of whether the trustees, in their capacity as such, might require authority to engage counsel, an individual, such as Sophie Franz, required no authority to engage counsel. The statement that under the terms and authority contained in said trust agreement, the said Sophie Franz engaged the said firm of Buder and Buder to represent her did not exclude her personal liability for such services, nor tend to show that such employment and the indebtedness arising therefrom, as between Sophie Franz and appellants, was predicated upon an instrument in writing, and the statement, "that under the terms and authority contained in said trust agreement," *6 without any statement of such terms amounted to only a legal conclusion. Kelley v. Briggs, Mo.App., 290 S.W. 105, 108. The demand further lists the "suits, proceedings, appeals, hearings, trials and appearances in connection therewith." The names and court numbers of the cases are given. The demand then states the period of time during which the services were rendered and their reasonable worth "insofar as said proceedings affected the Estate of Sophie Franz, deceased," and gives the balance claimed to be due from said estate. Claimants seek the reasonable worth or value of the legal services rendered to decedent individually. The demand, while stating that the trustees under a certain trust conveyance made by Sophie Franz, dated, January 30, 1909, also engaged appellants as their attorneys, and that legal services, as attorneys and legal advisors, were also rendered to said trustees, only purports to state a claim against the estate of Sophie Franz, deceased, "insofar as the said proceedings affected the Estate of Sophie Franz, deceased." It does not specifically and definitely appear that the claim was founded upon any contract or agreement with reference to said services, and only an implied agreement to pay the reasonable value thereof appears from the demand. "If `it is impossible to say with definiteness whether the plaintiff is counting upon an express contract or upon quantum meruit, he will be permitted to recover upon whichever of the two theories his evidence may warrant.'" In re Hukreda's Estate, Mo.Sup., 172 S.W.2d 824, 826.
The allegations of the demand thus far considered were sufficient under the authorities, supra, to state a valid claim against the estate of Sophie Franz, deceased, in the probate court, or on appeal to the circuit court. It gave reasonable notice to the adverse party of the nature and extent of the claim made, and it was specific enough so that a ruling thereon would become res judicata of the matters involved. The demand sufficiently specified that legal services were rendered by claimants to the decedent at her request, gave the nature of the services rendered, specified the particular cases in which the services were rendered and the period when rendered and gave their reasonable value, listed the credits and gave the balance claimed. This was sufficient, particularly, as against a motion to dismiss for want of jurisdiction. In re Hukreda's Estate, supra; Laughlin v. Boatmen's National Bank, 354 Mo. 467, 189 S.W.2d 974, 978; Warren v. Davis, Mo.App., 97 S.W.2d 159; Blackwell v. De Arment's Estate, Mo.App., 300 S.W. 1035; Britian v. Fender, 116 Mo.App. 93, 92 S.W. 179. See, also, Watkins v. Donnelly, 88 Mo. 322, 323. The statement of the claim was sufficient to appraise the executor of the amount of the claim and its origin, and to enable him to investigate it intelligently, and for the judgment thereon to operate as a bar to any other action based on the same cause. Britian v. Fender, supra, 116 Mo.App. 93, 96, 92 S.W. 179.
Respondents rely particularly upon In re Franz' Estate, 359 Mo. 362, 221 S.W.2d 739, 740, where the appellants had filed a claim in the probate court for 5% of the corpus of a trust estate as compensation for services rendered as trustees and the claim was dismissed for want of jurisdiction of the probate court over the subject matter of the claim. This court held that a court of equity and not the probate court was the proper forum in which to settle the controversy. 221 S.W.2d 739, 741, 742. The court further said: "Appellants by their claim are not seeking compensation for services rendered to the life tenant but 5% of the bulk of the estate. Certainly the life tenant should not and could not legally be made to pay 5% of the corpus of the estate on an agreement made by the remaindermen." (Italics ours.) The case is not controlling here. The demand in question was not one in equity. No accounting by trustees of a non-testamentary trust is involved.
Was the claim conditional and contingent and not running to certain maturity? Respondents rely upon the subsequent recitals set forth in the demand, where it states that it is the petitioners' "intention to allow as offsets and credits against the total herein claimed," any amount collected through the federal courts on motions and petitions there pending; and that "the filing of this claim and demand being merely a precautionary *7 measure, so that it will not be held that their claim shall have been barred or foreclosed in the event said United States District Court should make no allowance, order or ruling respecting attorneys' fees in the matters now pending before it." Respondents insist that it appears from the face of the claim that it "was one that might never become due from the estate of Sophie Franz, deceased, depending on the action of the federal court on a similar claim pending in that court"; that it "is one where the alleged liability of the estate of Sophie Franz, deceased, depends upon some future event, to-wit, the action of the United States District Court * * *"; and that it is "wholly uncertain whether there would ever be a liability or an indebtedness in any amount against the estate of Sophie Franz, deceased." Respondents cite Howard's Estate v. Howe, 344 Mo. 1245, 131 S.W.2d 517; Tenny's Adm'r v. Lasley's Adm'rs, 80 Mo. 664; Stevens v. Stevens, 172 Mo. 28, 72 S.W. 542; Elms Realty Co. v. Wood, 285 Mo. 130, 225 S.W. 1002.
In the case of Howard's Estate v. Howe, supra, 344 Mo. 1245, 131 S.W.2d 517, 519, it is said: "A contingent claim is one where the liability depends upon some future event, which may or may not happen, and therefore makes it now wholly uncertain whether there will ever be a liability. The contingency does not relate to the amount which may be recovered, but to the uncertainty whether any amount will ever be recovered. A claim not absolute or certain is not enforcible in the probate court against an estate." The definition does not apply here, where a claim for absolute liability is stated, and where there is only a statement that petitioners have another remedy from which collection may or may not be made. In the Howard case the demand was expressly based upon an interlocutory decree of another court which was not final and might never become so. 131 S.W.2d 517, 519. It was uncertain whether liability would ever be absolute or ever he established. It was held, "There being no absolute liability now existing on the part of the company, it follows that there can be none on the part of the committee or of the estate." 131 S.W.2d 517, 519. This and the other cases relied on have no application under the facts here.
The demand stated a valid claim already accrued against the estate of the deceased. It purported to be a matured claim, due and payable, on which liability was absolute. The claim covered services rendered between March 5, 1924 and April 14, 1930. It was verified by affidavit on May 1, 1931, the date it was "exhibited and presented" to the executor of the estate. There was nothing conditional or contingent about the estate's liability for the entire claim, only the extent of offsets and credits to which the estate might be entitled by reason of sums which might be ordered paid to claimants from another source was contingent and uncertain. The recital that claimants were pursuing an additional remedy against other property and persons did not make the claim contingent. While claimants were entitled to only one satisfaction they could pursue as many consistent remedies and as many obligors as were available to them. Mann v. Bank of Greenfield, 323 Mo. 1000, 20 S.W.2d 502, 508; Kansas City v. Forsee, 168 Mo.App. 213, 153 S.W. 572. The recitals only tended to show that the demand might be fully discharged in another way from another source, but pending such event it was filed to protect the rights of the claimants as against the bar of limitations. The recitals were insufficient to make the demand either conditional or contingent, and they were wholly insufficient to invalidate the prior statement of a valid claim, which was based upon a present, matured, absolute liability existing against the estate.
Was appellants' failure to file a copy of the trust agreement or conveyance fatal to the jurisdiction of the probate court? Respondents rely upon Sec. 186 R.S. 1929, now Sec. 464.030, and cases such as Curtis v. La Force, Mo.App., 29 S.W.2d 191. Respondents say "the claim specifically shows that whatever services were rendered were in accordance with the terms of the trust conveyance of January 30, 1909, and pursuant to an engagement for such services under the terms and authority contained in said trust agreement." We do not agree that such is true when all of the allegations *8 of the demand are considered. The alleged trust conveyance and terms and authority contained in any such trust agreement, as mentioned in the statement of the claim, do not purport to be the written instrument upon which the debt claimed for legal services rendered to Sophie Franz was predicated. The demand in question here is alleged to be predicated upon the fact that Sophie Franz engaged appellants to represent her; that the legal services were rendered to her in her lifetime; and that claimants acted as her attorneys and legal advisors. In view of the allegations, considered as a whole, the failure to file a copy of the trust agreement or conveyance was not fatal to the jurisdiction of the probate court to hear and determine the claim.
The second demand was attacked in the trial court upon the sole ground that "said alleged demand does not state a claim upon which relief can be granted." The motion was "sustained for want of jurisdiction" and the demand dismissed. Respondents now say that Exhibit "A", which is the itemized statement attached to the claim, is dated March 23, 1930; that Sophie Franz died April 14, 1930, or 22 days after the date of the account; that on that date "the only estate of Sophie Franz which was in existence was a non-testamentary trust estate which she created on January 30, 1909"; and that "any statement of account so addressed could have referred only to the non-testamentary trust estate." Respondents further argue that "if the outlay of money, forming the basis of appellants' second claim, was incurred by the express trust estate of Sophie Franz, as indicated by appellants' Exhibit "A", or if it was the amount remaining due appellants in the handling of certain properties * * * as trustees of Sophie Franz, under an implied trust, then in either event" the matter was solely within the jurisdiction of a court of equity. (Italics ours.)
There is no merit in these contentions. The conditions mentioned do not appear from the face of the second demand or from the exhibit attached thereto. The heading of the exhibit is dated March 23, 1930, and shows "Estate of Sophie Franz to Buder & Buder, Dr." The exhibit first lists in detail, with dates, the alleged "outlays made on behalf of the deceased." These charges cover taxes and detailed expenses paid from June 24, 1926 to and including March 15, 1930. The detailed credits show specific items, dates and amounts received from February 28, 1927 to and including December 4, 1927. Recapitulation shows "net balance due Buder & Buder $2686.87." The demand fully complied with Sec. 186 RS. 1929, now RS Mo 1949, § 464.030, V.A.M.S. The second demand was clearly sufficient to give reasonable notice to the adverse party of the nature and extent of the claim made, and it was specific enough so that a ruling thereon will become res judicata of the matters involved. In re Thomasson's Estate, supra; Britian v. Fender, supra.
The judgment is reversed and the cause remanded.
All concur.